HENRY THOMAS *v.* ISAAC WARNER.

*( In  Chancery.)*

The orator must stand or fall upon the case made by his bill.  The answer of the defendant cannot aid the bill, nor can the prayer for a specific relief, though, upon different allegations, the orator might be entitled to the relief prayed for.

This was an appeal from a decree of the court of chancery.

The orator in his bill, set forth and charged, among other things, that, on the 18th January, 1830, one Thomas Pate conveyed to the defendant, Warner, by deed of mortgage, a certain lot of land in Burlington, being five acre lot, No. 77, according to the plan of said town, to secure the payment of six notes of hand, of $200 each, payable, successively, on the 1st of April, in the years 1830, 1831, 1832, 1833, 1834, and 1835, with interest annually, at 4 per cent. ; that, on the 17th of May, 1831, Pate conveyed the same lot to the orator, in fee; that the first of said notes of Pate to Warner was duly paid ; that, at the term of the supreme court holden at Burlington, on the Thursday next preceding the first Tuesday of January, 1832, Warner filed his bill in chancery, and obtained a decree against Pate and the orator for the payment of $274.58 debt and cost, by the 1st of May, 1832—$232, by the second Tuesday of January, 1833— $224, by the second Tuesday of January, 1834—$216, by the second Tuesday of January, 1835—and $208, by the second Tuesday of January, 1836, with interest on each of said instalments, from the 10th of January, 1832, and that, in default of either of said payments, the equity of redemption in said premises, should be foreclosed ; that on the 11th of June, 1831, Warner commenced his action of ejectment against Pate and the orator, to recover possession of the premises, and at the March term, 1832, of Chittenden county court, recovered judgment for the possession thereof, and for the sum of $61.66 damages, being for the rents and profits from the 11th of June, 1831, to the last of March, 1832 ; that, on the 4th of April, 1832, Warner took out a writ of possession and of execution on said judgment, by which Pate and the orator were ousted from the premises, and compelled to pay, and did pay, the said sum of $61.66, *before the 1st of May,*

1832; that the said $61.66, so paid, had never been applied
upon any of the sums embraced in said decree; and that the
mortgaged premises were, on the 1st of May, 1832, of great-
er value, by $400, than the amount then due, principal, in-
terest and cost, on the said mortgage and decree.

CHITTENDEN,
*January,*
1843.

Thomas
*v.*
Warner.

And the orator further set forth and charged that, on the
said 1st of May, 1832, he applied to Warner, and offered to
pay him the amount so decreed to be paid on that day, if he
would deduct therefrom the sum so paid on said judgment
for rents and profits, or, if he would apply the same, on any
portion of said mortgage debt,—but that he refused to do
either, and insisted on full payment.

And the orator prayed, that an account might be taken of
what was due for principal and interest, on the mortgage
from Pate to Warner, and of the rents and profits of the
premises, together with the amount paid by the orator to
Warner on said judgment, for rents and profits, from the
11th of June, 1831, to the last of March, 1832, and that he
might be permitted to redeem the premises by paying the
balance, if any should be found due; or, in case the court
should adjudge that the orator had been foreclosed of his
equity of redemption in the premises, that, then, it would
decree that Warner should pay the orator said sum of $61.66,
and the interest thereon,—and for further relief.

The defendant, Warner, in his answer, admitted the exe-
cution of the mortgages, by Pate, to himself, and to the ora-
tor—the payment by Pate of the note due on the 1st of
April, 1830—the obtaining of the decree of foreclosure in
January, 1832, against the orator and Pate as described in
the bill—the obtaining of the judgment against Pate and the
orator in March, 1832, for the seizin and possession of the
mortgaged premises, and for $61.66 damages, being for the
rents and profits thereof—and that he prayed out a writ of
possession against them on said judgment; but he alleged
that he omitted to have the same executed, until the first day
of May, 1832, for the purpose of giving them the whole
time for the redemption of the mortgaged premises, allowed
by the decree; but that, they having neglected to pay the
first instalment in said decree, the writ of possession was ex-
ecuted by the delivery to him of the said premises, and the

collection of the damages, so adjudged to him, for the rents and profits of the same.

And the defendant further alleged, that, neither Pate, nor any other person had ever paid said decree, or any part thereof, and that the statement in the bill relative to the offer to pay, on condition that the said $61.66, recovered and collected, as for rents and profits, should be deducted, was without foundation.

And the defendant further alleged, that, after the conveyance of the premises to him by Pate, on the 18th of January, 1830, and before the delivery to him of the possession thereof, under the said writ of possession, they were impaired and injured by neglect, and lessened in value, and that their value, on the 1st of May, 1832, did not exceed the sum $1,000.

And the defendant further alleged that the said sum of $61.66, claimed in the bill, was paid to him as part payment of his said mortgage debt, and that the same was paid above six years before the exhibiting of the orator's bill, and the service thereof; and he, thereupon, claimed that the orator was barred from any right of action therefor, by the laws of this state for the limitation of actions.

The answer was traversed, but no testimony was taken.

It appears that at the March term, 1841, of the court of chancery, in the county of Chittenden, it was ordered, that it be referred to a master to ascertain, and report the value of the said mortgaged premises, on the 1st day of May, 1832; and that, at the adjourned term of said court, holden on the 1st day of January, 1842, George K. Platt, master in chancery, reported that the said premises were, on the 1st of May, 1832, of the value of $1,200.

Upon the trial of the cause, at the term last mentioned, it was adjudged by the court, that the orator was not entitled to have said decree opened for the redemption of the premises; but it was decreed that Warner should account for, and pay to the orator, the said sum of $61.66, and the interest thereon, amounting, in the whole, to the sum of $97.42.

*Maeck & Smalley*, for orator.

*C. Adams*, for defendant.

The opinion of the court was delivered by BENNETT, J.—The primary object of this bill is to enable the orator to be let in to redeem; and if the orator is not entitled to this relief, that he may have the amount of the judgment, recovered by the defendant against him, for rents and profits, at the March term of the county court, 1832, with the interest, refunded to him. The bill alleges that the collection of the execution, for the rents and profits, was *prior* to the expiration of the decree of foreclosure, and that the balance of the first instalment had been tendered.

CHITTENDEN, *January,* 1843.

Thomas *v.* Warner.

The answer denies that there was ever any offer, at any time, to pay the decree, under any condition, whatever, but admits most of the other material facts in the bill. It admits the collection of the execution, but, as to the precise time when paid, it is somewhat equivocal; but we think, upon a fair construction, it is to be taken, that the payment was not until after the expiration of the decree. In the case of *Lovell* v. *Leland,* 3 Vt. R. 581, it was held, upon a full review of the authorities, that a foreclosure, and an appropriation of the mortgaged premises, to the use of the mortgagee, after the time of redemption had run, was, by operation of law, a satisfaction of the debt, provided the value of the estate was equal to the debt, and if not, a payment *pro tanto.* In the present case, the master has reported the value of the premises to be greater than the debt.

From this doctrine, it would seem to follow that the mortgagee, could not, subsequently, at his election, proceed at law upon his mortgage debt. The mortgagor might well defend against such an action; and, consequently, it would seem to follow, that it should not have the effect to open the foreclosure. In the case before us, the action of ejectment was commenced first in time, and the mortgagee had a right to the possession, and was entitled to recover for the rents and profits, after notice to the mortgagor to quit; and the prosecution of such suit could not have the effect to open the decree. If the execution had been collected before the decree had expired, and the orator had, before the forfeiture, tendered the balance of the decree, and it had been refused, it would have presented a different case. But as there was no tender, and the execution was not collected till after the forfeiture, it is quite clear that the mere recove-

ry in the action of ejectment, cannot have the effect to open the decree. Indeed, even the collection of the damages, before the forfeiture, unaccompanied by a tender of the balance, I think, should not have that effect.

The counsel for the orator argue, that, if he is not entitled to be let in to redeem, still he should have the amount of the judgment refunded to him. The amount of the argument seems to be, that, if the execution had been collected before the decree had expired, the money would have been held in trust for the benefit of the mortgagor, to be applied on the mortgage debt; and, as the property foreclosed was, at the the time of the forfeiture, of greater value than the mortgage debt, the money, if collected after the decree had expired, (the debt having been satisfied by means of the mortgaged premises) was wrongfully collected by the defendant, and is held without consideration, and in trust for the orator. Though there seems to be weight in the argument, which, upon a proper bill, should receive the due consideration of the court, yet, as the bill alleges the collection of the execution to be *prior* to the expiration of the decree, and there is no pretence that there was any offer, before the forfeiture, to pay the balance, it is apparent that, in such case, the decree could not be opened, nor could the money collected be recovered back. As well might there be a recovery back of the amount, had so much been directly paid on the decree, before it became absolute. It was the party's fault that he did not pay the balance.

It is evident the bill was framed, in the main, with a view to be let in to redeem. The orator must stand or fall upon the case which he has made in his bill. The direct allegation, that the execution was collected *before* the first day of May, 1832, (the time when the decree expired) is material; and the answer of the defendant that it was afterwards, cannot aid the orator to recover upon a case not made by his bill; nor can the special prayer for this specific relief—the stating part of the bill not being adapted to it.

The result is, the decree of the chancellor is, for this cause, reversed, and there should be a decree of dismissal of the orator's bill; and the cause is remitted to the court of chancery, with directions to enter up the decree accordingly.