ISRAEL R. BRAY *vs.* N. F. CLAPP and others.

Somerset.   Opinion March 10, 1888.

*Deed.   Joinder of husband in wife's deed.*

It is a sufficient joinder of a husband in his wife's deed, of her property derived from him, for him to express his assent thereto, under his own hand and seal, in her conveyance, without his being a formal party to the deed.

ON exceptions.

Writ of entry.   The opinion states the question presented by the exceptions, and the material facts.

*A. H. Ware*, for the plaintiff, cited :   *Webb* v. *Hall*, 35 Maine 338 ; *Strickland* v. *Bartlett*, 51 Maine, 356 ; *Child* v. *Sampson*, 117 Mass. 63 ; *Knight* v. *Thayer*, 125 Mass. 25 ; *White* v. *Graves*, 107 Mass. 328 ; *Hills* v. *Bearse*, 9 Allen, 403 ; *Chapman* v. *Miller*, 128 Mass. 269 ; *Cormerais* v. *Wesselhoeft*, 114 Mass. 552 ; *Cairncross* v. *Lorimer*, 3 Macq. H. L. Cas. 829, S. C. 7 Jur. N. S. 149 ; *Cornish* v. *Abbington*, 4 Hurlst. & N. 549 ; S. C. 28 L. J. Exch. D. 262 ; *Chapman* v. *Pingree*, 67 Maine, 202 ; *Wood* v. *Pennell*, 51 Maine, 52 ; 1 Greenl. Ev. § 275 ; *Kimball* v. *Bradford*, 9 Gray, 243 ; 1 Greenl. Ev. § 281 ; *Paine* v. *McIntier*, 1 Mass. 69 ; 10 Mass. 461 ; *Townsend* v. *Weld*, 8 Mass. 146 ; *McLellan* v. *Cumberland Bank*, 24 Maine, 566 ; *Palmer* v. *Fogg*, 35 Maine, 368 ; *Wilson* v. *Hanson*, 12 Maine, 58 ; *Bell* v. *Woodman*, 60 Maine, 465 ; *Sylvester* v. *Staples*, 44 Maine, 496 ; *Farley* v. *Bryant*, 32 Maine, 474 ; *Littlefield* v. *Littlefield*, 28 Maine, 180 ; *Chadwick* v. *Perkins*, 3 Maine, 399 ; *Osgood* v. *Davis*, 18 Maine, 146 ; *Hancock* v. *Fairfield*, 30 Maine, 299 ; *Jordan* v. *Otis*, 38 Maine, 429 ; *Rogers* v. *McPheters*, 40 Maine, 114 ; *Emery* v. *Webster*, 42 Maine, 204 ; *Kimball* v. *Morrill*, 4 Maine, 368 ; *Child* v. *Wells*, 13 Pick. 121 ; *Strout* v. *Harper*, 72 Maine, 273 ; *Ellis*

v. *Higgins*, 32 Maine, 34; *Whitney* v. *Lowell*, 33 Maine, 318; *Bryant* v. *Crosby*, 36 Maine, 562; *Warren* v. *Miller*, 38 Maine, 108; *Reed* v. *Reed*, 71 Maine, 159; *Gray* v. *Hutchins*, 36 Maine, 142; *Harlow* v. *Thomas*, 15 Pick. 66; *Madden* v. *Tucker*, 46 Maine, 367; *Locke* v. *Whiting*, 10 Pick. 279; *Lincoln* v. *Avery*, 10 Maine, 418; *Crawford* v. *Spencer*, 8 Cush. 418; *Cushing* v. *Ayer*, 25 Maine, 383; *Tilton* v. *Hunter*, 24 Maine, 29; *Peck* v. *Conway*, 119 Mass. 546.

*Walton and Walton*, for Emeline Houghton, defendant.

By R. S., c. 61, § 1, if his deed to his wife had been an unrestricted one, she could not have conveyed it, except by his joining in the deed. *Call* v. *Perkins*, 65 Maine, 444.

It was not therefore a conveyance by Emeline and Jonah Houghton, both joining in the deed, as the statute required. *Bruce* v. *Wood*, 1 Met. 542; *Greenough* v. *Turner*, 11 Gray, 332; *Wales* v. *Coffin*, 13 Allen, 213. Approved in *Pierce* v. *Chace*, 108 Mass. 258.

Clapp took no title by the conveyance of Emeline Houghton to him and on the day he gave the mortgage to the plaintiff he had no legal interest whatever in the premises. *Beale* v. *Knowles*, 45 Maine, 479.

Is any estoppel created? Is this defendant, Emeline Houghton, in any way estopped by her conveyance to Clapp and consent to his subsequent conveyance? We see no reason why she should be. *Lowell* v. *Daniels*, 2 Gray, 161; *Townsley* v. *Chapin*, 12 Allen, 476; *Bruce* v. *Wood*, 1 Met. 542; *Wales* v. *Coffin*, 13 Allen, 213; *Pierce* v. *Chace*, 108 Mass. 254; *Shillock* v. *Gilbert*, 23 Minn. 387.

There being no deception, no concealment, no fraud, there can be no estoppel. *Shillock* v. *Gilbert*, *supra*; Washburn on real property, 3rd edition, Vol. 3, pp. 74 and 80.

"The deed must contain apt words of grant or release . . . and the court could not inquire into her intention in joining in the deed . . . if that intention was not manifested by the deed itself." *Greenough* v. *Turner*, 11 Gray, 334, before cited. See also *Paul* v. *Moody*, 7 Maine, 455; *Peabody* v. *Hewett*, 52 Maine, 33; *Whitaker* v. *Miller*, 83 Ill. 381;

*Hummelmon* v. *Mounts*, 87 Ind. 178 ; *Adams* v. *Medsker*, 25 West Va. 127.

PETERS, C. J. It is conceded that the plaintiff is entitled to recover upon the case submitted, if it be a sufficient joinder of a husband in his wife's deed, of her property derived from him, for him to express his assent, under his own hand and seal, without being in any other manner a formal party thereto.

The statute, R. S., c. 61, § 1, provides that "real estate directly or indirectly conveyed to a wife by her husband, or paid for by him, or given or devised to her by his relatives, cannot be conveyed by her without the joinder of her husband." We have heretofore given what we regard as convincing reasons why this statute should be liberally construed for the sake of upholding honest conveyances. *Perkins* v. *Morse*, 78 Maine, 17.

In the case now before us, the deed is in ordinary form, as a conveyance by the wife, the name of the husband appearing only in the final clause, in the words that follow : "In witness whereof, I, the said Emeline Houghton, and Jonah Houghton, in token of his assent to this conveyance upon the terms of, and subject to, the limitations aforesaid, of the aforesaid premises, have hereunto set our hands and seals this 4th day of November, A. D. 1880." Each of them signed and sealed the instrument.

In order to ascertain whether this expression of assent by the husband is a joinder in the wife's deed, within the meaning of the statute requiring a joinder, it is necessary to appreciate the purpose of the requirement and see what is to be accomplished by it. The design of the law, no doubt, was that a married woman shall not improvidently deed away property given her by her husband or his friends, or shall not without some right of hindrance in the husband, convey real estate which she, presumably, in some way or to some extent, holds for their common use and benefit.

Is not the object completely attained by requiring merely his written assent in her deed? Is she not thus effectually prevented trom making any valid conveyance by merely her own unaided

act? The statute exacts the "joinder of her husband," not as a grantor, because he has nothing to grant, but as an assenter merely, for he has only the power to withhold or give his assent. He joins in the deed, not to convey or assist in conveying anything, but to assent that she may convey her own title. The only possible right which he has in her lands, is that of dissenting from her conveyance, and that he waives by assenting to it. The word joinder implies that the assent is to be expressed in writing in her deed. What possible public policy can the statute subserve, by requiring the husband, in his wife's deed when it is one of warranty, to commit himself to a warranty of property which he does not own, and for a transfer of which he receives no part of the consideration? by requiring the idle assertion that he is seized of the premises, when he is not? or in requiring the other untruthful statements which his covenants would contain? In some of the states the statutory provision is that her deed must be made with "his assent," or "written assent." No more than written assent was really int ended by our own statute, the difference in phraseology being but accidental and not essential.

An appeal to the common law rules does not weaken the argument, because they are inapplicable. The reason why a husband, under the common law sway, joined in the wife's deed, was that they were both seized of her real estate, he of a freehold and she of a fee therein. They were regarded in the old law as one person, the legal existence of the wife being consolidated into that of the husband. They were therefore required, in matters affecting her, to join in pleading and in conveyances. Those rules, under our statutory system, are obsolete.

The authorities, differ somewhat on this question of joinder. We think the best reasoned judicial expressions on the subject, are in accord with the views accepted by us. A clear and very satisfactory decision on the point, where the discussion is full, is in *Woodard* v. *Seaver*, 38 N. H. 29. In that case the court says that the deed there in question would be wholly void without the joinder of the husband, and it was held that his written assent in the deed, was a joinder. *Evans* v. *Summerlin*, 19

Florida, 858, is a pointed case favoring the same view of the question.                                    *Exceptions overruled.*

WALTON, DANFORTH, VIRGIN, EMERY and FOSTER, JJ., concurred.