## GEO. S. CHAPMAN*

v.

## ADDIE LONG AND FRED LONG.

JANUARY TERM, 1894.

*Equity. Deed of married woman in which husband does not join.*

1.  If the deed of a married woman has been defectively executed in that her husband did not join, equity will not decree the execution of a new conveyance to perfect the title, nor if the deed be a mortgage, treat it as valid and decree foreclosure.

2.  Where mutual deeds are necessary to the carrying out of a contract and the deed of one party is defectively executed, that party will not be allowed to claim under the deed of the other if he refuses to remedy the defect in his own deed upon demand.

3.  And this is so although the facts from which the law raises the defect are known to both parties at the time of the execution of the deeds.

4.  So where a father conveyed to his married daughter real estate and received from her a mortgage, in which her husband did not join, conditioned to support him through life and to reconvey upon certain conditions, *held*, that while equity could not decree the execution of a new and perfect deed from the daughter, nor foreclose her equity, it might treat the deed from the father as void.

Bill in chancery. Heard upon bill, answer and master's report at the March term, 1893, Washington county. TAFT, chancellor, decreed for the orator in accordance with the prayer of the bill. The defendants appeal.

*John H. Senter* for the orator.

The defendants cannot retain the benefits under the orator's deed and repudiate the conditions upon which they were granted.   Bishop, Law of Married Women, s. 600 ; Dev., Deeds, s. 1111 ; *Ogle* v. *Ogle*, 41 Ohio St. 359 ; *Remington* v. *Higgins*, 54 Cal. 620 ; *Leach* v. *Noyes*, 45 N. H. 364.

*Frank J. Martin* and *Frederick P. Carleton* for the defendants.

The mortgage of the defendant wife was absolutely void. *Herdman* v. *Pace*, 85 Ill. 386 ; *Elden* v. *Jones*, 85 Ill. 346 ; *Hubbard* v. *Bigelow*, 58 Vt. 172 ; R. L., s. 1937 ; *Morrison* v. *Brown*, 83 Ill. 562 ; *Lewis* v. *Lewis*, 84 Ill. 205 ; *McKillip* v. *McKillip*, 8 Barb. 552 ; 1 Jones, Mort., s. 194 ; *Ailin* v. *Brown*, 44 N. H. 102 ; *Browley* v. *Cotron*, 8 Leigh 522 ; Shouler, Dom. Rel., s. 94.

The deed of the orator and mortgage of defendant cannot be construed together.   Wash., R. P., Chap. 14 ; 4 Kent, Com., 130 ; 3 Sto. Eq. Jur., 1319 ; *Warren* v. *Bennett*, 31 Conn. 478.

MUNSON, J.   In pursuance of an arrangement agreed upon by the orator and his two children, Perley A. Chapman and the defendant Addie, the orator executed to said children a deed of his real and personal estate, and received from them a deed conditioned for his support through life, and for a reconveyance of the property, upon the payment of expenses incurred, in case the orator should at any time desire to provide for himself.   The defendant Addie, who was and is a married woman, executed this conveyance to the orator without being joined therein by her husband.   The orator has taken nothing from the defendants in the way of support, and has been refused a reconveyance on demand.   The relief specifically prayed for is that the husband be decreed to join with the wife in such proceedings as may be necessary to perfect

the orator's title, and that both defendants be decreed to execute and deliver to the orator a deed of the property, and that in default of a conveyance of the property they be foreclosed of all equity of redemption therein.

It might be difficult to give the orator the precise relief prayed for. The deed of the defendant Addie is void for the want of a proper execution. It has been repeatedly held that the deed of a married woman thus defective cannot be perfected in equity. 19 Am. Dec. 230, note. This is what is attempted by praying for a new conveyance properly executed. The right of a court of equity to compel another conveyance has been distinctly denied. In *Townsley* v. *Chapin*, 12 Allen 476, a married woman had given a quit claim deed without the required action of her husband. The husband having died, a bill in equity was brought to compel the execution of a new deed. It was not claimed that the court could have required the husband to take any action to perfect the void conveyance. The court considered it equally beyond its power to require a new conveyance from the wife after the husband's death. Nor, if this position is correct, can the alternative prayer for a foreclosure in default of a new conveyance be of avail. If the mortgage must remain void the orator can obtain no title by a foreclosure of it.

But we think equity can give the orator relief in another form. The orator and the defendant Addie entered into a certain agreement, which both understood was to be expressed in two instruments. Neither instrument alone was designed to express the whole agreement. The invalidity of one of the instruments prevented the agreement from being perfected as the parties intended it should be. They attempted to carry their understanding into effect, but failed to do so. Certainly that fragment of the agreement embodied in the instrument duly executed should not be suffered to stand as the agreement of the parties. We think that when persons undertake to perfect an arrangement by two instruments, and

one of these instruments is from ignorance so defectively executed as to be void, and the party in default refuses to remedy the defect, the other instrument should be treated by equity as voidable at the instance of the grantor, when the rights of third persons have not intervened.

It is apparent from *McKenzie* v. *McKenzie*, 52 Vt. 271, that this relief need not be denied because of the character of the mistake. In that case two mortgages had been given upon the same property. The orator had become the owner of all the notes secured by the first mortgage, but without any formal assignment of the security. It was arranged between the mortgagors and the orator that such writings should be made as would express the orator's relation to the first mortgage. The person applied to for this purpose had the orator take another mortgage and new notes in his own name, and discharge the first mortgage on the margin of the record. The orator having brought his bill for relief on the ground of mistake, it was claimed in behalf of the holders of the second mortgage that the mistake was one of law and not of fact, and that no relief could be given; but the orator's claim was established as a first lien upon the property notwithstanding the discharge.

We think the deed of the orator should be treated as of no effect, and that such decree should be entered as will make his title good upon the record.

*Decree reversed and cause remanded with mandate.*

Rowell, J., was absent in county court.