CHRISTIAN DIETRICH *v.* LYDIA HUTCHINSON and others.

January Term, 1901.

Present: ROWELL, TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed April 5, 1901.

*When wife's real estate acquired by deed is not her separate property*— Real estate conveyed to a wife by deed is not her separate property unless the deed contains explicit words shutting out the husband from marital rights in such estate.

*Husband has freehold in wife's estate not her separate property*—Under our statutory system the husband has a freehold interest in such real estate of the wife as is not her separate property.

*To convey wife's real estate in which husband has a freehold he must be joined with her in the body of the deed*—When a husband by virtue of the marital relation has a freehold interest in his wife's real estate, in order to make her conveyance thereof good he must

be joined with her as a grantor in the body of the deed. It is not enough that he merely join in the execution of her deed.

*Deed to married woman and void mortgage back for purchase price do not create a valid equitable mortgage*—If a married woman purchases real estate which is conveyed to her without words of exclusion as to her husband and gives as security for a part of the purchase price a mortgage of the same in which the husband does not join, the entire transaction cannot be treated as creating a valid equitable mortgage.

*Deed to marrie.. woman and void mortgage back for purchase price do not make her a trustee in respect to the property*—If a married woman's sole mortgage of real estate is taken as security for a part of the purchase price of such real estate conveyed to her without words of exclusion as to the husband,. neither she nor her grantee with notice can be considered as a trustee of the grantor in respect to such property.

*Married woman's deed void for non-joinder of husband can be validated in equity only in pursuance of the statute, No. 49, Acts of 1896, amended by No. 55, Acts of 1898*—The deed of a married woman, void for the non-joinder of her husband, cannot be validated in equity without statutory power, and a petition for validtion is required to call into exercise the discretionary power given to the Court of Chancery by Acts of 1896, No. 49 sec. 2, as amended by Acts of 1898, No. 55.

*When Supreme Court is without power to validate a married woman's deed void for non-joinder of her husband—Court of error only*—In a foreclosure suit on a married woman's mortgage deed,void for the non-joinder of her husband, the petition not presenting the question of validating the mortgage, and the Court of Chancery not having exercised its discretion in that behalf, the Supreme Court on appeal is without discretion in the matter. In chancery appeals it does not sit as a Court of Chancery but only as a court of error.

*Equitable relief when agreement remains unexecuted through mistake*—When an instrument is drawn and executed that was intended to carry into effect an agreement previously made, but which by mistake of the draftsman, either as to law or fact, does not fulfill the manifest intention of the parties, equity will afford relief.

*Deed and mortgage back—Rescission in equity when through mistake mortgage is void*—If parties to a contract for the sale of real estate undertake to complete it by a deed and a mortgage back, and the mortgage by mistake or ignorance of the draftsman is so defectively drawn as to be void, and thereby the intention of the

parties fails of accomplishment and the contract of completion, and the party undertaking to give the mortgage refuses to remedy the defect or puts it out of his power so to do, a case for rescission in equity is presented, if all the other elements necessary thereto exist without countervail.

*Knowledge of a void mortgage notice of the mortgagee's remedy*—
Although knowledge of a void mortgage is no notice to a grantee of the mortgagor of any title thereunder in the mortgagee, since the mortgage conveys none, yet it is notice to such grantee of whatever right by way of remedy the mortgagee may have by reason of the fact that his mortgage is void.

BILL IN CHANCERY to foreclose the equity of redemption of Lydia Hutchinson, Charles Hutchinson and Edward H. Deavitt, in certain premises in Lyndon.

The case came on to be heard on the report of a special master at the June Term, 1900, *Start,* Chancellor, whereupon, *pro forma* and without hearing, a decree was rendered in favor of the orator. The defendant Deavitt appealed.

*Sullivan & Cleaveland* and *E. W. Smith* for the orator.
*Edward H. Deavitt pro se.*

ROWELL, J. On September 28, 1896, the petitioner sold and conveyed to the defendant Lydia Hutchinson, a house and lot in Lyndon for a thousand dollars, two hundred dollars of which were paid down, and at the same time and as a part of the transaction, the mortgage in question was given thereon to secure the balance, evidenced by four promissory notes of that date for two hundred dollars each, signed by Mrs. Hutchinson and her husband, Charles Hutchinson, one of the defendants, and payable to the petitioner or order in one, two, three and four years from date respectively, with interest annually. Only Mrs. Hutchinson's name appears in the body of the mortgage as that of the grantor, the name of her husband not appearing therein at all as grantor nor otherwise, not being suggested even in the testatum; but he signed and acknowledged the

mortgage the same as his wife did.   The instrument has only one seal; but as the defendant Deavitt, who alone defends, does not claim in argument that it is not to be taken as the seal of both signers, it is so taken.

On April 14, 1899, Mrs. Hutchinson leased the place for a year, and her husband directed the lessee to pay the rent to the petitioner to apply on the mortgage, and thereupon they moved away, leaving no one to look after the place for them, and the petitioner could not ascertain their whereabouts.

On April 4, 1900, the defendant Deavitt, knowing of the mortgage and what it was given for, took a quitclaim deed of the place from the Hutchinsons, the consideration of which was a debt of $65.00 that Hutchinson owed him for money advanced and legal services rendered.   Deavitt now claims that the mortgage is void, because not joined in by Hutchinson as the statute requires, and seeks to hold the property discharged therefrom.

The statute provides that a husband and wife may, by their joint deed, convey the real estate of the wife as she might do by her separate deed if unmarried—V. S. 2209; and that a married woman shall not convey nor mortgage her real estate except by deed duly executed by herself and husband.   V. S. 2646.   This last section, though passed long after the other, does not alter the other, for as originally passed it had after the words, "herself and husband," the words, "as now provided by law"—Acts 1884, No. 140, s. 1; and not putting those words into the revision does not alter the construction of the section, and so the question depends upon the construction of sec. 2209.

There is more or less conflict in the cases as to what is a sufficient joining of a husband in his wife's deed of her real estate, to answer the requirements of the statutes in such case made and provided.   But we think the weight of authority is, that when the husband has a freehold interest in his wife's real

estate by virtue of the marital relation, he must in order to make her conveyance thereof good, so join therein as to pass his title, and that to do that, he must be named in the body of the deed as a grantor, and use apt and sufficient words to convey, and that his merely executing a deed jointly with his wife in which she alone is named as grantor is not enough.  9 Am. & Eng. Ency. Law, 2nd Ed. 111.  This agrees with the holding in *Agricultural Bank* v. *Rice,* 4 How. 225, and *Batcheler* v. *Brereton,* 112 U. S. 396, that in order to convey by grant, the party possessing the right must be the grantor, and use apt and proper words to convey to the grantee, and that merely signing, sealing, and acknowledging an instrument in which another is grantor is not sufficient.  Chancellor Kent says that the weight of authority would seem to favor the existence of a general rule of law that the husband must be a party to the conveyance or release of his wife, and that such a rule is founded on sound principles arising from the relations of husband and wife—2 Kent Com. 10th Ed. *153; and on page *155, "on view of our American law on this subject," he concludes the general rule to be that the husband must show his concurrence in the wife's conveyance by becoming "a party to the deed," and that the cases in which her deed without such concurrence is valid, are to be considered as exceptions to the general rule.  An extended consideration of the cases is unnecessary.  They are pretty fully reviewed in a note to *Payne* v. *Parker,* 25 Am. Dec. 226; in one to *King* v. *Rhew,* 23 Am. St. Rep. 82; and in 9 Am. & Eng. Ency. Law, 2nd Ed. 110-113.  Much of the conflict among them is apparent rather than real, and grows out of the difference in statutes and in the marital rights of the husband in his wife's lands.  Thus, in Maine, the statute requires "the joinder of her husband", but not, it is said, as a grantor, for he has nothing to grant, but merely as an assenter, for he has only the power to give or to withhold assent; and

therefore it is sufficient there if he signs and seals the deed without otherwise becoming a party to it. *Bray* v. *Clapp,* 80 Me. 277; 6 Am. St. Rep. 197. The court says in that case that why a husband, under the common-law sway, joined in the wife's deed, was, that they were both seised of her real estate, he of a freehold and she of a fee; that they were regarded as one person, the legal existence of the wife being consolidated into that of the husband; and that therefore they were required in matters affecting her, to join in pleading and conveyance; but that those rules, under their statutory system, are obsolete. But under our statutory system they are not obsolete as to real estate of the wife that is not her separate property, for in that, the husband still has a freehold—*Hackett* v. *Moxley,* 68 Vt. 210; and in respect of conveying her interest in it, the wife's common-law disability has not been removed, but continued by statute.

In Massachusetts, where, since the statute of 1857, only the husband's "assent in writing" is required, he need not join in the deed as grantor, but his signing and sealing it is sufficient—*Chapman* v. *Miller,* 128 Mass. 267; or witnessing it— *Child* v. *Sampson,* 117 Mass. 62; or signing as grantor the mortgage notes of his wife—*Cormerais* v. *Wesselhoeft,* 114 Mass. 550. But before the passage of that statute, it would seem to have been otherwise there; for in *Jewett* v. *Davis,* 10 Allen, 68, it was held that by well-settled principles of the common law, as long held and practiced upon in that commonwealth and subsequently confirmed by statute, a married woman who owns the fee of land not held to her sole and separate use, could convey the same only by deed executed by herself and husband, and when both were parties to the effective and operative part thereof.

In Connecticut the statute requires the deeds of married women to be "executed by them jointly with their husbands,"

and they hold that he who signs executes, and that the husband's name need not be inserted in the body of the deed. *Pease* v. *Bridge,* 49 Conn. 58.

In order for the premises in question to be the separate property of Mrs. Hutchinson, the deed thereof to her must contain explicit words shutting out her husband from his marital rights in it—*Curtis* v. *Simpson, 72* Vt. 235; and as it does not appear that it contains such words, it must be taken that he has a freehold therein, and so the mortgage is void.

Nor can it be validated in equity without statutory power therefor. *Chapman* v. *Long,* 66 Vt. 656. But a statute passed since the mortgage was given, retroactive in terms, empowers the Court of Chancery, in its discretion, on the petition of any one interested, to confirm and validate any deed of the real estate of a married woman in which her husband did not join, and to order and compel the husband to execute and deliver all instruments necessary to that end. Acts of 1896, No. 49, s. 2, amended by Acts of 1898, No. 55.

But the Court of Chancery has never been called upon to exercise, and never has exercised, its discretion in this behalf in this case, for the petition is not drawn so as to present the question; and this court has no discretion in the matter, for in chancery appeals it does not sit as a Court of Chancery, but only as a court of error.

Nor can the transaction be treated as an equitable mortgage; for a married woman cannot charge her real estate not her separate property, except in the way provided by statute.

Neither can the petitioner have "the remedy of a trust capable of assignment, enforcable against a subsequent purchaser with notice," as suggested; for Mrs. Hutchinson could not while she owned the property be considered as a trustee of it for the petitioner, and therefore her grantee cannot be, though he took with notice.

These things being so, we are asked on the strength of *Chapman* v. *Long,* above cited, to nullify the deed to Mrs. Hutchinson, and devest the title acquired thereby, because the mortgage being void, her part of the contract of purchase has not been fully performed.    In the case relied upon, a father conveyed his property to his children and took back a deed conditioned for his life support and for a reconveyance on payment of expenses incurred by them in performing.    One of the children was a married woman and her husband did not join in the deed, wherefore it was void as to her.  The father received nothing by way of support, and the children refused to reconvey on demand.  The father's deed to the children was declared void.  The court said that when persons undertake to perfect an agreement by two instruments, and one of them is from ignorance so defectively executed as to be void, and the party in default refuses to remedy the defect, the other instrument should be treated in equity as void at the election of the grantor when the rights of third persons have not intervened. This was a recission on the ground of mistake, a well-recognized remedy in equity.

It is an unquestionable principle of equity, that when an instrument is drawn and executed that was intended to carry into effect an agreement previously made, but which by mistake of the draftsman, either as to law or fact, does not fulfil the manifest intention of the parties, equity will afford relief, because the execution of agreements fairly and legally made is a peculiar branch of equity jurisdiction; and if an instrument intended to execute the agreement is for any reason insufficient for that purpose, the agreement remains as much unexecuted as though one of the parties had refused altogether to comply with it, and a court of equity will grant relief as much in one case as in the other. *Hunt* v. *Roumaniere's Admrs.,* 1 Pet. 1,

13; *Walden* v. *Skinner,* 101 U. S. 583; 1 Story's Eq. Jur., Redf. Ed. s. 115.

This relief is granted in different ways, according to the circumstances of the case; sometimes by compelling specific performance; sometimes by rescission; and in other ways, it may be.   It is said in *Williams* v. *United States,* 138 U. S. at page 517, that it cannot be doubted that inadvertence and mistake, equally with fraud and wrong, are grounds for judicial interference to devest a title acquired thereby.

In the case at bar, the parties to the contract undertook to complete it by two instruments, the deed and the mortgage, and the mortgage, which was drawn in New Hampshire, by mistake or ignorance of the draftsman, was so defectively drawn as to be void, whereby the intention of the parties failed of accomplishment and the contract of completion, and Mrs. Hutchinson, the party in default, virtually refuses to remedy the defect, for she has put it out of her power to do so by conveyance to Deavitt.   This makes a case for rescission, if all the other necessary elements exist without countervail, and against all the defendants; for although knowledge of the mortgage was no notice to Deavitt of any title thereunder in the petitioner, for being void it conveyed none, yet it was notice to him of whatever right by way of remedy the petitioner might have by reason of its being void.   *Mining & Quarrying Co.* v. *Windham County Bank,* 44 Vt. 489.

But whether all the other necessary elements do exist without countervail, we cannot well say on this record; nor do we say in advance what those elements are, nor what would countervail them.   All this we leave for future consideration, if that becomes necessary.

The circumstances of the case are such that we do not direct a final decree against the petitioner, but leave him at liberty to apply further, if he be so advised.

*Decree reversed and cause remanded.*