W. H. Nye v. James Stewart and B. A. Hunt.

May Term, 1910.

Present: Rowell, C. J., Munson, Watson, Haselton, and Powers, JJ.

Opinion filed August 19, 1910.

*Mortgages—Foreclosure—Defective Petition—Cannot be Cured
by Answer—Parties—Permission to Amend Petition—Want
of Replication—Waiver of Objection.*

Where a petition to foreclose a mortgage named a third party as de-
fendant without any allegation connecting him with the property,
and he filed an answer wherein was duly incorporated a demurrer
to the petition, as against that demurrer the petitioner could not
avail himself of an allegation in the answer admitting the demur-
rant's ownership of the property.

In a foreclosure proceeding, a further petition, filed after answer to the
original petition, alleging that a third party therein made defendant
is the owner of the property, was properly treated as an amendment,
though not styled such.

Leave granted a petitioner in a foreclosure suit to cite in a third party,
made defendant by a further petition alleging his ownership of the
property and praying that he be cited in, was, in effect, a permission
to amend the original petition by making such addition, and, this
being after demurrer, defendant was entitled to his costs thereof
under chancery rule 11.

Where a foreclosure suit has been tried without objection to petitioner's
failure to file his replication to the answer, defendant cannot ques-
tion the decree for such omission.

Appeal in Chancery. Heard on the pleadings and finding
of facts made by the chancellor, at the December Term, 1909,
Lamoille County, *Hall*, Chancellor. Decree for the petitioner.
Defendant Hunt appealed. The opinion states the case.

*W. E. Tracy* for the orator.

*B. A. Hunt* pro se.

MUNSON, J.   We have here a petition for foreclosure, in which Hunt was named as a party defendant, but without any allegation connecting him with the debt or property.   On being served, Hunt filed an answer, incorporating therein a demurrer, which was verified in accordance with Chancery Rule 13.   The answer stated that Hunt had become the owner of the property, and had assumed the payment of the debt.   It appears from the briefs that the petitioner thereupon, without any amendment of the original petition, filed a further petition setting up Hunt's ownership and praying that he be cited in; and that he was duly cited on leave granted.   Hunt then filed a further answer, containing a demurrer, and alleging payment of all sums due.   In the body of this answer, which was sworn to, Hunt stated that he believed the debt to be in law fully paid, and that this was not interposed for delay.   No replication was filed.   The court of chancery dismissed the demurrer as not in conformity with the rules; and the case was then heard on bill and answer and oral testimony, and a sum found to be due, for which the petitioner had a decree.

The petitioner cannot stand on the admission of ownership made by Hunt in his original answer.   *Thomas* v. *Warner*, 15 Vt. 110; *Porter* v. *Bank of Rutland*, 19 Vt. 410, 426.   But we think the second petition may properly be treated as amendatory of the original petition.   While not styled an amendment to the petition, it is a further petition in the same case, in which the fact of ownership is alleged as a basis for having Hunt brought in as a party defendant.   The leave granted to cite him in on that allegation was in effect a leave to amend the petition by adding the allegation; and this being after demurrer the defendant was entitled to the costs thereof.   Ch. Rule 11.   It is not necessary to consider whether the allegations of good faith embodied in the supplemental answer should be accepted as satisfying the requirement of the rule; for the amended bill was sufficient and the second demurrer not sustainable.   Hunt cannot question the decree on the ground that no replication was filed, for the case was tried as if there had been a replication, without any objection being made.   *Clements* v. *Moore*, 6 Wall. 299, 18 L. Ed. 786; *Fretz* v. *Stover*, 22 Wall. 198, 22 L. Ed. 769.   Hunt's claim that it appears from the note itself that the interest was erroneously computed need not be inquired into here.   If the

claimed error exists the chancellor can correct the decree on remand.

*Decree affirmed and cause remanded.*