MIDDLEBURY ELECTRIC COMPANY ET AL. *v.* CHARLES S. MURKLAND ET AL.

February Term, 1915.

Present: MUNSON, C. J., WATSON, POWERS, AND TAYLOR, JJ.

Opinion filed March 13, 1915.

*Waters and Water Courses—Rights of Riparian Owners— Equity—Pleadings—Aider by Answer.*

Where the rights of orators and defendants to the water of a stream were measured in inches, and there was no evidence to show the total amount of water available at the time in question, nor how much either orators, or any of them, or defendants, were using, orators were not entitled to a decree against defendants.

Where orators were entitled to 600 inches of the water in a stream and defendants to 50 inches and to 200 inches of the surplus water after orators had used their proper quantities, a finding that defendants were at times using more than 50 inches, unaccompanied by a finding that at such times there was no such surplus, or that orators at such times used only their proper quantities, will not sustain a decree for orators, restraining defendants, for it is only when a wrongful use by one riparian owner infringes the lawful use of another riparian owner that the latter can maintain a suit for equitable relief.

In a suit in equity the orators must stand or fall on the allegations of the bill, unaided by those of the answer.

APPEAL IN CHANCERY, Addison County.   Heard at Chambers, September 30, 1909, *Butler,* Chancellor, on the pleadings and the report of a special master.   Decree for the orators. The defendants appealed.   The opinion states the case.

*W. H. Davis* and *M. C. Webber* for the orators.

The failure of the special master to determine whether or not there had been an invasion of the orators' right as to the use of the water is immaterial.   6 Pom. Eq. Jur., 969, §562; *Kimberly* v. *Hewitt,* 75 Wis. 371, 22 Cyc. 757; 1 Spelling on Injunctions, 15, 27.

*R. E. Brown, A. W. Dickens* and *Sherman R. Moulton* for the defendants.

POWERS, J.   The parties to this suit own the water rights on the westerly side of the Otter Creek at the falls in the village of Middlebury.   Taken together, their rights amount to 650 inches of water.   Of this amount, the orators own 600 inches in the following proportions:  The Middlebury Electric Company, 150 inches; Rogers & Wells, 125 inches; Burdett Bros., 325 inches.   The defendants, in the right of A. P. Tupper, deceased, own 50 inches.   Each of these rights is subject to a pro rata diminution in case the total supply falls under 650 inches.   In addition to their 50 inches, the defendants are entitled to 200 inches of the surplus water after the orators have used their proper quantities.

The bill goes upon the theory that the defendants are and have been using more water than they are entitled to, thereby infringing the orators' rights in the stream, and that they intend to continue this illegal use. The prayer is for an accounting and an injunction. The decree below, based upon the pleadings and a master's report, was for the injunction prayed for and costs. The defendants appealed.

It appears from the report that the orators especially complain of the defendants' use of the water during a period of shortage in February and March, 1907, when, they claim, the defendants consumed so much of the water that the business of the several orators was seriously interfered with. As we understand the report, there is water enough for all whenever it runs over the dam; and this we take to mean that there are 650 inches available to these parties at such times. The master finds that the wheels of both the Middlebury Electric Company and Burdett Bros. largely exceed in capacity the amount of water these parties are respectively entitled to. The capacity of the Rogers & Wells wheels is not found. The master reports that he is unable to find that the defendants' use of the water infringed the rights of the orators. And how could he, when there was no evidence to show the total amount of water available at the time in question, nor how much the orators, or any of them, were using, nor how much the defendants were using? It seems to have been the theory of the orators that the defendants could not run their wheels when to do so interfered with the orators' running theirs. But this is not according to the rights of the parties. These are to be measured in inches. And before the orators are entitled to a decree, they must show that the defendants have exceeded their right. To be sure, the master says that the defendants were, at times, running both their large and small wheels, and must then have used more than 50 inches of water. But, as we have seen, they were entitled to the surplus up to 200 inches, whenever there was a surplus; and for aught that appears, there was a surplus at these times when the defendants ran both wheels; in which case they would be within their rights. On the other hand, if it was to be inferred that the defendants ran both wheels when the water was below the crest of the dam, there is nothing to show that this condition was not caused by an excessive use of the water by the orators, or some of them. If they were exceed-

ing their rights, they could not complain of any use by the defendants that interfered with such excessive use, alone.   For, it is only when a wrongful use by one riparian owner infringes the lawful use of another riparian owner that the latter can maintain a bill of this nature.   *Lawrie* v. *Silsby,* 82 Vt. 505, 74 Atl. 94.

Nor has the master found that the defendants have, in fact, used more than their just proportion of the water.   They have interfered somewhat with the running of the wheels of the orators; but as already suggested, it must be made to appear that they have exceeded their right, before they can be subjected to the payment of damages or restrained.   For although the orators were troubled by the shortage of water, this result may have been due to the fault of themselves, or some of them. The only finding that the defendants ever overdrew their share of the stream is the one already referred to, which, for the reasons stated, is not enough to support the decree.

The orators say, however, that the defendants should be restrained because they threaten to continue in an unlawful use of the water.   There is nothing in the report to warrant a decree upon this ground.   There is no finding that the defendants intend to do anything more than they have been doing. Nothing more is alleged in the bill.   But the orators say that the defendants set up in their answers a prescriptive right to use all the water they please whenever it is running over the dam.   This allegation, however, does not help the orators. They must stand or fall upon the allegations of the bill, unaided by the allegations in the answers.   *Thomas* v. *Warner,* 15 Vt. 110; *Nye* v. *Stewart,* 83 Vt. 521, 77 Atl. 340.   There is no finding of any such claim.   The defendants claim the right to run both their wheels whenever there is water enough to run over the dam.   It is not found that this means taking more than their share of the water.   Nothing appears to warrant an inference that it does.   If the claim of the defendants is excessive, the orators have failed to show it.   And since we are bound by the findings, the result must be.

*Decree   reversed,   and   cause   remanded   with   directions   to dissolve the injunction and dismiss the bill.*