LEWIS D. BANCROFT *v.* W. ELDREDGE VAIL.

January Term, 1917.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed February 19, 1917.

*Equity Pleading—Information and Belief—Demurrer—Amendments—Where not Allowed—Pro Forma Rulings—Preliminary Questions of Pleading.*

There is an essential distinction between an allegation in a bill in equity of information and belief, and an allegation of fact on information and belief; in one case a demurrer admits only that plaintiff is so informed and believes; in the other, if the allegation is well pleaded in that form, the admission is that the fact is as alleged.

The Supreme Court sits in chancery appeals as a court of error only, and must affirm or reverse the decree on the record as made up in the court below, and will not consider a bill on demurrer as it would stand if amended.

Although amendments of pleadings are sometimes permitted in Supreme Court to obviate the necessity for a retrial when the case has been heard on the merits and it clearly appears that the cause of the trial would not have been changed by an earlier amendment, amendments of a bill in equity, met by formal demurrer, will not be allowed pending the hearing of the appeal in Supreme Court, but the parties will be remitted to the court of chancery, on remand, for such indulgence as the equities of the case permit.

It is unwise to take a *pro forma* ruling upon a preliminary question of pleading.

APPEAL IN CHANCERY. Heard on demurrer to the bill of complaint, in vacation after the March Term, 1916, Washington County, *Butler*, Chancellor. Decree, sustaining the demurrer, adjudging the bill insufficient, and dismissing it with costs. Plaintiff appealed. The case is stated in the opinion.

*Edward H. Deavitt* for the plaintiff.

*Plumley & Plumley* for the defendant.

TAYLOR, J.   Iran C. Vail died at Montpelier in October, 1914, leaving a will.   She was survived by a husband, the defendant, but no children.   The plaintiff is her executor and the residuary legatee under the will.   He brings this bill individually and as executor seeking to restrain the defendant from exercising his statutory right of waiver.   The case was brought on for hearing below on a formal demurrer to the bill.   Without hearing and strictly *pro forma*, the chancellor allowed the demurrer and dismissed the bill.   The case is here on plaintiff's appeal from this decree.

The only ground of demurrer specified is that the plaintiff has not made such a case by his bill as entitles him to equitable relief.   From the allegations of the bill, briefly stated, the following facts appear:   The will in question was duly probated and allowed November 16, 1914.   On the same day the defendant filed in the probate court a writing giving notice that he waived the provisions of the will and claimed his right to the distributive share of his wife's estate which the law gave him.   The property in question is a house and lot in Montpelier, cash amounting to $1,063 on deposit and certain household furniture, jewelry and personal wearing apparel.   By the will the testatrix gave her personal effects, household furnishings and wearing apparel in equal shares to a sister-in-law and three nieces.   She gave $100 each to her brother, sister-in-law and the three nieces; one dollar to the defendant; $1,000 in trust for the benefit of Christ Church of Montpelier; and the residue of her estate to the plaintiff, who is a nephew.   The testatrix and the defendant were married in 1873 and lived together at Montpelier as husband and wife until May 1886, when the defendant went to Boston, Massachusetts, to reside, while the testatrix remained in Montpelier.   From 1886 they never lived together as husband and wife. The testatrix continued to reside at Montpelier and the defendant resided first in Boston and later in Burlington, Vermont, where his home now is.   Without more, the plaintiff alleges that the defendant deserted his wife.

Plaintiff also alleges that he is informed and believes that for more than twenty-five years prior to her death testatrix and defendant lived separate and apart; that during the period of their separation the defendant contributed nothing to her support; that at the time the defendant deserted his wife their only property was some household furniture, the greater part of

which was delivered to a brother of the defendant and was not thereafter used by the testatrix; that since her husband left her the testatrix has supported herself by her own labor and accumulated the property which she owned at the time of her death; that at the time the defendant left his wife he promised her that if they were not divorced he would not thereafter make any claim to her earnings or any property she might accumulate, and that she might use and dispose of the same as she wished,— that relying upon this agreement the testatrix did not obtain a divorce as she might have done, and with like reliance acquired the property in question and provided for its disposal by will.

Plaintiff relies upon defendant's desertion and the post-nuptial agreement to establish a ground of equitable jurisdiction. He alleges that he has no remedy at law or in the probate court and insists that, in the circumstances set out in the bill, it would be inequitable to permit the defendant to avail himself of the waiver—that he is estopped by his conduct and agreement from taking advantage thereof. But we do not reach the consideration of that question. The defendant challenges the sufficiency of certain allegations of the bill as allegations of information and belief merely. An essential distinction is recognized in our cases between an allegation in the bill of information and belief and an allegation of fact on information and belief. In the one case, the demurrer admits only that the plaintiff is so informed and believes; while in the other, if the allegation is well pleaded in that form, the admission is that the fact is as alleged. *Watkins* v. *Childs,* 80 Vt. 99, 66 Atl. 805, 11 Ann. Cas. 1123; *Quinn* v. *Valiquette,* 80 Vt. 434, 68 Atl. 515, 14 L. R. A. (N. S.) 962; *Crompton* v. *Beedle,* 83 Vt. 287, 75 Atl. 331, 30 L. R. A. (N. S.) 748, Ann. Cas. 1912 A, 399. We do not stop to consider what effect, if any, chancery rule 20 could have had upon the question in the court below. It is not claimed here that the rule as to what facts are admitted by the demurrer is affected by the failure to specify the defect in the allegations now relied upon; so we treat the question as unaffected by rule 20, since to do so is supportive and not subversive of the decree.

Without considering the allegations in detail it is sufficient to say it is clear that, as the bill now stands, the demurrer was properly sustained. There are several allegations of information and belief merely some of which are pointed out by the defendant in his brief, which are relied upon by the plaintiff to

make out a case for equitable relief. Counsel does not seriously contend that plaintiff can recover without the benefit of some of them. He asks leave to amend, if the bill is otherwise found sufficient. But the well settled rules of practice forbid our considering the bill on demurrer as it would stand if amended. We sit in chancery appeals as a court of error only (*Alfred* v. *Alfred*, 87 Vt. 542, 90 Atl. 580; *Dietrich* v. *Hutchinson*, 73 Vt. 134, 50 Atl. 810, 87 Ann. St. Rep. 698), and must affirm or reverse the decree on the record made up in the court below. *Thomas* v. *Warner*, 15 Vt. 110; *Nye* v. *Stewart*, 83 Vt. 521, 77 Atl. 340; *Middlebury Electric Co.* v. *Murkland*, 89 Vt. 10, 93 Atl. 291. See, also, *Columbian Granite Co.* v. *Townsend & Co.*, 74 Vt. 183, 52 Atl. 432. To adopt the course suggested by counsel would be to hear a suppositional case, which the rules of orderly practice do not permit. *In re Reynolds' Est.*, 89 Vt. 224, 95 Atl. 498.

Amendments in this Court are sometimes permitted to obviate the necessity for a retrial when the case has been heard on the merits and it clearly appears that the course of the trial would not have been changed by an earlier amendment; but amendments of a bill met by formal demurrer will not be allowed pending the hearing on appeal in this Court. The parties will be remitted to the court of chancery on the remand where they can be granted such indulgence as the equities of the case permit. It will not be out of place to observe that it is unwise to take a *pro forma* ruling on a preliminary question of pleading. The hearing will usually develop the necessity for any amendment and pave the way to its being made.

*Decree affirmed and cause remanded with leave to apply.*