` LEWIS D. BANCROFT ET AL. *v.* W. ELDRIDGE VAIL.

February Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 4, 1921.

*Injunction to Restrain Husband from Waiving Wife's Will— Alleged Contract—Immaterial Evidence—Hearsay—Exclusion of Conversation Similar to One Received Harmless— Evidence Warranting Failure to Find Contract.*

1.  In a proceeding by an executor to enjoin the testatrix' husband from waiving the will on the ground that many years before her death they separated and agreed that thereafter neither should make any claim to the property of the other, her conduct thereafter in purchasing real estate and executing her sole mortgage thereon was not independently material and provable under the issues involved, either directly or indirectly.

2.  Her declaration in connection with such real estate transaction, made in the absence of her husband, that there was an arrangement between them whereby neither would make any claim to the property of the other and that they should dispose of the same as each should see fit, standing alone, was not competent evidence for the plaintiff, being hearsay.

3.  Where a witness had testified without objection that in her conversations with the testatrix the latter never referred to her husband, the exclusion of a similar conversation shortly before the testatrix' death was harmless.

4.  The testimony of the defendant that there was never any talk between him and the testatrix about a legal separation nor about her disposing of her property, justified the chancellor in failing to find that many years before they agreed that they would each conduct their business independently of the other, and that neither should make any claim upon the property of the other from that time on.

APPEAL IN CHANCERY.    Bill to enjoin the defendant from waiving the provisions of his deceased wife's will.    Heard on the pleadings and testimony at the September Term, 1919, Washing-

ton County, *Stanton,* Chancellor. Decree dismissing the bill with costs. The plaintiffs appealed. The opinion states the case.

*Edward H. Deavitt* and *Fred L. Laird* for the plaintiffs.

The case of the plaintiff as made by his bill, and so far as there are findings of fact established by the findings, presents such a case as entitles the plaintiff to relief in equity. *Pinney* v. *Fellows,* 15 Vt. 525; *Barron* v. *Barron,* 24 Vt. 375; *Richardson* v. *Merrill's Est.,* 32 Vt. 27; *Caldwell* v. *Renfrew,* 33 Vt. 213; *Frary* v. *Booth,* 37 Vt. 78; *Allbee, Admr.* v. *Cole,* 39 Vt. 319; *Richardson* v. *Wait,* 39 Vt. 535; *Child* v. *Pearl,* 43 Vt. 224; *Squires* v. *Squires,* 53 Vt. 208; *Willard* v. *Dow,* 54 Vt. 188; *Curtis* v. *Simpson,* 72 Vt. 232; *Kittredge* v. *Kittredge,* 79 Vt. 337; *Dietrich* v. *Hutchinson,* 81 Vt. 160, 171; *Fennell's Appeal,* 207 Pa. St. 309; *Williams' Appeal,* 47 Pa. St. 307; *Jones* v. *Jones,* 96 Va. 749; *Rutleff* v. *Rutleff,* 102 Va. 880.

*Plumley, Plumley & Campbell* for the defendant.

WATSON, C. J.   When this case was here before the bill, challenged by demurrer, was held insufficient and the cause remanded, as reported in 91 Vt. 266, 99 Atl. 1014. An amended bill was then filed, answer made, issue joined, the cause heard and facts found by the chancellor. Thereon a decree was rendered dismissing the bill with costs to the defendant, and on appeal the case is here for review.

It was essential to the plaintiff's case, as made by his bill, to show that some years ago (alleged as in 1886) defendant left, deserted, and abandoned his wife, the testatrix, and that about the same time he promised her that he would thereafter make no claim to her earnings or to any property which she might thereafter accumulate, and that she might use and dispose of the same as she wished without hindrance or interference from him, if they were not divorced; and that at the same time and in consideration thereof the testatrix promised and agreed with the defendant that she would thereafter make no claim upon him for her support, and would make no claim of any kind upon him, his earnings, or any property which he might thereafter acquire.

Later, March 14, 1903, the testatrix purchased a house and lot situate in Montpelier, paying therefor $4,000 and receiving a

warranty deed.  On the same day she gave to the Montpelier Savings Bank and Trust Company a mortgage, executed by her alone, on the property to secure a note for the sum of $1,700. She subsequently paid this mortgage debt, and was the owner of the real estate at the time of her death.

On April 19, 1913, the testatrix made her last will and testament, and the same was duly probated November 16, 1914, soon after her decease.  The same day of the probate, the defendant, as surviving husband, filed a waiver of the provision made for him in the will, and claimed the right to take estate as is provided in like cases of intestate estates.  Lewis D. Bancroft, the plaintiff, is the executor named in the will, also the residuary beneficiary under its provisions.

[1, 2]  A. W. Ferrin, a witness called by the plaintiff, testified that at the time when the testatrix purchased the property and gave the mortgage, as mentioned above, he was the treasurer of the Montpelier Savings Bank and Trust Company; that she consulted him with reference to making the purchase, and he had to do with the writing and the execution of the papers evidencing the entire transaction, including her mortgaging the property to the bank to obtain in part the money with which to pay for it. The plaintiff then offered to show by the witness that at the time of that transaction, and in connection therewith, the testatrix told him there was an arrangement between herself and her husband whereby each should have the money and property "which each respectively earned and accumulated to dispose of as each should see fit."  The evidence so offered was excluded as incompetent and irrelevant, and exception saved.  The same legal question is presented on exception taken to the exclusion of evidence offered in connection with the testimony given by another witness.

The conduct of the testatrix in making the purchase and giving the mortgage, was not independently material and provable under the issues involved, either directly or incidentally, in the case.  Neither was the declaration, standing alone, made by her in connection therewith, in the absence of the husband, competent evidence in the plaintiff's favor.  It follows that the declaration was but a hearsay assertion and properly excluded.  3 Wig. Ev. §1773; *State* v. *Ryder,* 80 Vt. 422, 68 Atl. 652; *Comstock's Admr.* v. *Jacobs,* 89 Vt. 133, 94 Atl. 497, Ann. Cas. 1918A, 465.

[3]   Mrs. Lewis D. Bancroft, wife of the plaintiff, was called as a witness by him.   It appeared that she was married to the plaintiff in June, 1914, and thereafter saw much of the testatrix while yet in life; and she testified that in none of her talks with the testatrix did the latter make any reference to her husband, the defendant; that the testatrix had conversation with the witness respecting the disposition of her property by will. An offer was then made to show by the witness that she was informed by the testatrix a few days before her death that she intended the plaintiff should have the bulk of her estate, and that she had appointed him executor of her will, and that in this conversation the testatrix made no reference whatever to her husband, the defendant.   Exception was taken to the exclusion of the evidence.   The probative force claimed for the evidence offered, lies in the fact that in making such declaration the testatrix made no reference to her husband.   As stated by the court in its ruling, the witness had already so testified without objection, covering all talks between her and the testatrix.   With this fact so in evidence from this witness, its repetition as to the particular time mentioned in the offer could add nothing.

[4]   Plaintiff relies upon exceptions 1, 2, 3, and 5 to the findings of fact, and treats them together in his brief as embracing the same subject-matter.   They are there stated comprehensively as being to the failure of the chancellor to find that the defendant and the testatrix, about 1892, agreed that they would each conduct their business independently of the other, and that neither should make any claim upon the property of the other from that time on.   We therefore consider these exceptions as raising the one question thus stated.

The plaintiff called the defendant to testify as a witness in his behalf, and examined him at great length on all matters pertaining to, or having any bearing on, the relations between him and the testatrix during their married life, including their keeping house in the early part of that period; their engaging in business, resulting in his going through insolvency; their working thereafter or engaging in business separately at different places and in different towns and, during a part of the time, in different states; the extent of their being together and cohabiting as husband and wife; the financial contributions, if any, by each or either to the comforts, wants, or use of the other; the failure of each to visit or have any communication with the other

for a long term of years before the wife's death, including the time of her last sickness; and whether there was any talk, agreement, or understanding, between them as to living apart, or a legal separation, or a divorce, or about the wife's property and her disposing of the same by will. The witness testified that there was never any talk between them about a legal separation, or a divorce; nor about her disposing of her property by will; nor about how she intended to dispose of it, nothing of the sort; nor was there ever any trouble between them; nor did she ever complain, or have reason to complain, of his conduct toward her; nor did they have any understanding that they were not to molest each other, not a word in such respect. The witness further testified in his examination in chief that he had stated practically all the talk he had with his wife with reference to separation and property and so forth, which means, if believed, that they had no such talk, for the transcript, which is made to control, shows none of the nature material here or involved in this case. In view of the foregoing evidence introduced by the plaintiff, we cannot say that the chancellor was not justified in his failure to find in accordance with the requests under consideration, and the exceptions are without merit.

This being decisive of the case, we need not consider the other questions presented.

*Decree affirmed and cause remanded.*