# WINDSOR COUNTY.

### ADJOURNED TERM IN JULY, 1839.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
    "    STEPHEN ROYCE,             
    "    JACOB COLLAMER,   *Assistant Justices.*
    "    ISAAC F. REDFIELD,

JEREMIAH H. CLARK ET AL. *v.* ROSWELL M. FIELD.

## *In Chancery.)*

In this case a commission had issued for taking testimony in the commonwealth of Massachusetts. Samuel D. Parker, Esq., had been offered as a witness to be examined before the commissioner, and, being inquired of as to what passed in the grand jury room, declined testifying to any such matter on the ground of his having been state counsel at the time. The commissioner decided to take the testimony down, subject to the exception, and the question was now accordingly made, whether the testimony should be read.

By the court.–It is the duty of the jurors, the attorney for the state, and witnesses, not to divulge what passes in the grand jury room, unless required so to do in a court of justice. They cannot then be excused from making such disclosures.

WINDSOR,
February,
1839.

Clark et al.
v.
Field.

Note, by REDFIELD, J.—The decision of this case, it is presumed, was not intended to settle the question how far, under all circumstances, communications, passing between the attorney for the state and the grand jury, might be privileged from disclosure. To require such a disclosure might, under some circumstances, amount to a dispensation with the official oath of the witness. It was so held in Watson's case, 24 Howell's State Trials, 107. Upon similar ground, too, confidential communications between the executive and his official advisers have been held sacred. *Horne* v. *Bentick*, 6 Eng. C. L. 46. *Anderson* v. *Hamilton*, before Lord Ellenborough, 1816, reported in note to the last case. *Wyatt* v. *Gore*, 3 Eng. C. L. 114, and note at the end of the case. The same doctrine was, in a *nisi prius* case before Putnam, J., (in Massachusetts) extended to the attorney for the state in communicating with the grand jury. But in all these cases the object of withholding the testimony is secrecy, and when the matter is once made public that object becomes impossible. So that in the present case, when the testimony had been taken down, it might well be used. I apprehend that the true doctrine, in regard to requiring a witness to disclose state secrets, is, that the court will exercise its discretion in each particular case.