## Re Ellen B. Segur's Will.

October Term, 1898.

Present: Rowell, Tyler, Munson, Start and Thompson, JJ.

Opinion filed February 3, 1899.

*Insane Delusion—Evidence.*—If a testator has an insane delusion in respect to one of his children, or other natural object of his bounty, and the instrument presented for probate is the product of such delusion, it is void, notwithstanding he may have had capacity to do all kinds of business not involving such delusion. Hence, a charge is erroneous which instructs the jury that they may test the witnesses for the contestant by asking themselves whether such witnesses would have hesitated to do business with the testator.

*Will not to Be Construed in this Case.*—The question was whether the instrument propounded was the last will and testament of the deceased; and the county court should have refused to consider the question whether one clause in the instrument was void as against public policy, although such clause would dispose of the bulk of the estate.

APPEAL FROM PROBATE. Trial by jury at the May term, 1898, Windsor county, *Ross*, C. J., presiding. Verdict and judgment for the proponent. The contestant excepted.

This was an appeal from a decree of the probate court for the district of Hartford, allowing an instrument as the last will of Ellen B. Segur. The appellants objected upon four grounds: (1) defective execution; (2) incapacity; (3) undue influence; and (4) that one clause of the instrument was against public policy. The proponent traversed the first three pleas and filed a general demurrer to the fourth. The court ruled that the matters involved in the fourth plea should be determined by the court after the verdict on the first three. The trial then proceeded upon the first three pleas and a verdict was returned allowing the will. After verdict the court heard the questions arising under the fourth plea and the demurrer thereto, and sustained the demurrer and adjudged said fourth plea insufficient in that the clause referred to therein was not illegal or void as against public policy; to which ruling the contestant excepted.

*W. E. Johnson* and *Wm. Batchelder* for the contestant, argued upon the first point as the court holds, and upon the second point contended that inasmuch as substantially the whole property was sought to be disposed of under one particular clause of the will, which clause the contestant claimed to be void as against public policy, the court should consider and decide that question as well as the other, in the hope of avoiding a retrial of the cause.

*Hunton & Stickney* for the proponent.

THOMPSON, J. One issue on the trial below, was whether Ellen B. Segur, the testatrix, was of sound mind at the time she executed the will in question. The evidence of the contestant tended to prove that she was subject to insane delusions as to her acquaintances, friends and relatives, and that at such times she was unable to judge sanely in relation to the persons in respect to whom she held such delusions; and that she was laboring under such an insane delusion in regard to her son, the contestant, at the time she executed

the will sought to be established. On this branch of the case the jury were instructed, among other things, as follows: "Take the witnesses of the contestant or the witnesses of the proponent, any of them, would they have been at a loss to have dealt with her in regard to this property on the occasion she made this will, under the circumstances that she made it? That is a good way to test whether from all their testimony, and their judgment on it, where they give their judgment, that is, whether she was capable, competent or not competent, sound or unsound, testate or intestate. It is a good way to test their acts in comparison with what they say they consider her condition."

It must be taken that the testimony referred to in this instruction was relevant to the issue as to the will being the product of an insane delusion of the testatrix in respect to the contestant. By this instruction, the jury must have understood that if the witnesses considered the testatrix to be of such mental capacity that they would have dealt with her in regard to her property, then their testimony had no tendency to prove that she was laboring under an insane delusion as to the contestant and that the will in question was the product of such delusion.

Evidence of delusions is not necessarily countervailed by evidence of business capacity as to ordinary business transactions. The fact that a man is capable of transacting business, whatever its extent, or however complicated it may be, and however considerable the powers of intellect it may require, does not exclude the idea of his being of unsound mind. 1 Clevenger's Med. Juris. 297; *Morse* v. *Scott*, 4 Demarest 507; *Smee* v. *Smee*, L. R. 5 Prob. Div. 84; *Manley's Exr.* v. *Staples*, 65 Vt. 370; *Fraser* v. *Jennison*, 42 Mich. 231; *Rivard* v. *Rivard*, 109 Mich. 98: 66 N. W. Rep. 681; *Tawney* v. *Long*, 76 Pa. St. 106; *Taylor* v. *Trich*, 165 Pa. St. 586: 44 Am. St. 679 and note.

To have the capacity to make a will, a man must be able

to know the number of his children, or others, dependent upon his bounty, their deserts with reference to conduct and capacity, as well as need, and what he has before done for them relatively to each other, and the amount and condition of his property. *Converse* v. *Converse*, 21 Vt. 168. If he has an insane delusion in respect to one of his children, or other natural object of his bounty, and the instrument presented for probate is the product of such insane delusion, it is void, because he has not the testamentary capacity the law requires, and this is so, notwithstanding he may have had capacity to trade, and do all kinds of business, not involving such delusion. 11 Am. & Eng. Ency. Law 154; *Tawney* v. *Long*, 76 Pa. St. 106; *Taylor* v. *Trich*, 165 Pa. St. 586: 44 Am. St. 679 and note; *Lucas* v. *Parsons*, 24 Ga. 640: 71 Am. Dec. 147; 1 Redf. Wills (3d ed.) 69; *Seamen's Friend Society* v. *Hopper*, 33 N. Y. 619. The witnesses may have considered the testatrix competent to deal with them in respect to her property at the time she executed the will, and yet have truthfully testified that she was then possessed of an insane delusion as to the contestant, and their testimony tended to prove such delusion, although they would have dealt with her. Hence, viewed in this aspect of the case, this instruction was erroneous. If it is construed as giving a test by which the jury could determine whether the testatrix was under an insane delusion as to the contestant and whether the will was the product of such delusion, it follows from what has already been said, that it is also erroneous.

The construction of the alleged will was not before the county court, and consequently is not before this court. If the proposed instrument is established as the last will and testament of the testatrix, its construction will properly come before the probate court, when her estate is distributed by it, under the will, or when some question arises in that court requiring its construction.

*Judgment reversed and cause remanded for a new trial.*