## STATE *v.* CHARLES WEBSTER.

Special Term at Rutland, November, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed November 18, 1907.

*Criminal Law—Illegal Sales of Intoxicating Liquor—Prosecution—Sufficiency of Specifications—Discretion—Review.*

The sufficiency of specifications filed by the State in a prosecution for illegally selling intoxicating liquor is within the discretion of the trial court, the exercise of which is not reviewable.

A fictitious or suppositional question as to the admissibility of evidence will not be considered.

INDICTMENT for selling intoxicating liquor without authority. Heard on the respondent's motion for better and more complete specifications, at the September Term, 1907, Rutland County, *Hall,* J., presiding. Motion overruled, and specifications held sufficient. The respondent excepted. Case passed to the Supreme Court before trial.

*Frederick S. Platt,* and *Butler & Moloney* for the respondent.

*Robert-A. Lawrence,* State's Attorney, for the State.

The trial court having adjudged the specifications to be sufficient, its action is not revisable. *State* v. *Freeman,* 27 Vt. 523; *State* v. *Bacon,* 41 Vt. 526; *State* v. *Davis,* 52 Vt. 376; *State* v. *Wooley,* 59 Vt. 357.

WATSON, J. The respondent is charged with selling intoxicating liquor without authority. Specifications and amended specifications were filed in the case. A hearing was had on respondent's motion for better and more complete specifications. The State's Attorney stated to the Court that those filed were the best he was able to give. Whereupon the motion

was overruled and the specifications were held sufficient, to which respondent excepted. The exceptions state that it was agreed that the question should be raised not only as to the definiteness of the indictment and specifications, but as though evidence had been offered and received under respondent's exceptions tending to show sales of intoxicating liquor by him unauthorized by law. The cause was passed to this Court before final judgment under the statute.

The question of the sufficiency of the specifications was within the discretionary power of the court and not revisable. *State* v. *Davis,* 52 Vt. 376.

The fictitious or suppositional question of the admissibility of evidence will not be noticed.

*Judgment affirmed and cause remanded.*