JOHN B. ALFRED *v.* SARAH B. ALFRED and S. DWIGHT ALFRED.

November Term, 1913.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed May 9, 1914.

*Temporary Injunctions—Status Pending Appeal—Violation of Injunctions—Courts Authorized to Punish—Function of Supreme Court on Appeal In Chancery.*

Either by its inherent power, or under P. S. 1308, the court of chancery can enjoin defendants from using or disposing of the rents and products of real estate during the pendency of an appeal from a decree in an action involving the rights of the parties to such real estate, and, under P. S. 1310, this Court can make such order.

The mere filing of a motion for an appeal from a decree in chancery effects the appeal, and transfers the case to the Supreme Court.

In appeals in chancery this Court sits as a court of .error only, and so a provision in a decree in chancery restraining defendants from interfering with orator's possession, control, and management of designated real estate and from receiving or controlling any of the rents, issues, or products thereof, remained in force pending an appeal, and any violation thereof was a contempt of the court of chancery and not of this Court.

The wilful disposition of the subject-matter of litigation while the cause was pending in the court of chancery was a contempt of that court, and not of this Court, to which the cause was later appealed.

One court will not punish the contempts of another.

Where a suit in chancery involves only the rights of the parties to a designated farm and to the personal property thereon, it was not contempt of court for defendants, pending the litigation, to dispose of products of the farm raised after the suit was begun, as those were not directly, but only incidentally, involved.

This Court will not decide controversies of which its only jurisdiction is the agreed submission of the parties.

PETITION to punish for contempt of court, brought to the Supreme Court for the county of Franklin at its November Term, 1913, and heard on the pleadings and the report of a special master. The opinion states the case.

*C. G. Austin & Sons* for the petitioner.

*Elmer Johnson* for the petitionees.

POWERS, C. J.   The petitioner charges that the defendants are guilty of contempt of this court, on account of having sold and disposed of certain personal property involved in *Alfred* v. *Alfred*, 86 Vt. 500. A special master was appointed herein, who has heard the evidence and reported the facts upon which we are now to give judgment. The original suit was begun October 27, 1911, and involved the rights of the parties in and to the so-called Lavender Farm, and the personal property thereon which consisted of horses, cows, farming tools and machinery, produce and other personal property. When that case was before the special master, evidence was given regarding this personal property, but when the report came in, the findings regarding it were so meager that the court of chancery declined to make any decree covering the same, though the orator therein insisted that he was entitled to a decree on the personal property. Accordingly, a decree was rendered establishing the orator's rights in the farm and the rents, issues and products thereof, only. This decree was appealed from by the defendants. but not by the orator. So when the cause reached us, we had nothing to do with the personal property, other than the rents, issues and products of the farm. So we were sitting in review, only, to correct errors in the decree pointed out by the defendants. Beyond this, our duty did not carry us.

There had been no preliminary injunction in that suit, but the decree appealed from contained a provision restraining the defendants from interfering with the orator in his possession, control and management of the farm, and from receiving or controlling any of the rents, issues and products thereof. This decree was filed in the court of chancery November 26, 1912, and the defendants' motion for an appeal therefrom was filed three days later.

The court of chancery, doubtless, could have made a valid order enjoining the defendants from using or disposing of the rents and products during the pendency of the appeal, either by virtue of its inherent powers, *Merrimack River Sav. Bank* v. *Clay Center*, 219 U. S. 527, 55 L. ed. 320, 31 Sup. Ct. 295, or under the provisions of P. S. 1308. And no doubt this Court could have made such an order under P. S. 1310. But nothing of the kind was done. The motion effected the appeal and transferred the cause of this Court. *Lafountain* v. *Wilder*, 86 Vt. 301, 85 Atl. 5. And while it is said in *Gale* v. *Butler*, 35 Vt. 449 and *in re Chickering*, 56 Vt. 82, that an appeal in chancery vacates and annuls the decree, it is not altogether certain that the injunction was wiped out. Prior to 1839 such would have been the result. But since that time, though cases are still transferred from the court of chancery to this Court by "appeals," this Court sits in such cases in error only. So, if the question was here essential, we might have to hold that an appeal from a decree enjoining a defendant from doing an act does not suspend the operation of the injunction, stay it or disturb its operative force. To this effect are *Barnes & Co.* v. *Chicago Typo. Union*, 232 Ill. 402, 83 N. E. 932, 14 L. R. A. (N. S.) 1150, 122 Am. St. Rep. 129; 2 High Injunc. (4th ed.) Sec. 1698a; *State* v. *Dillon*, 96 Mo. 56, 8 S. W. 781; *Dewey* v. *Superior Court*, 81 Cal. 64, 22 Pac. 333; *Bullion, B. & C. Mining Co.* v. *Eureka Hill Mining Co.*, 5 Utah 151, 13 Pac. 174; 2 Cyc. 913. It is to be noted that we are now speaking of prohibitory injunctions, only.

But if this injunction remained in force, a violation of it was a contempt of the court that granted it and not this Court. *Barnes & Co.* v. *Chicago Typo. Union;* 2 High Injunc., and cases *supra*.

So far as this Court is concerned, then, the case stands as if no injunction had been granted.

It does not follow, however, that this complaint is without merit, for its allegations are broad enough to cover the rule which is said to be that it is a contempt wilfully to destroy, conceal or dispose of the subject-matter of litigation pending the proceedings. But was the personal property or any part of it the subject-matter of litigation when disposed of? As we have seen, it was involved in the suit during a part of the time, at least, that it remained in the court of chancery. But so far

as it was disposed of during that time, the contempt, if any, was of that court and not of this; and it is elementary that one court will not punish the contempts of another. So with what is shown to have been done while the case was in the court of chancery, we will not concern ourselves.

As we have also seen, the decree below covered, not only the farm, but the rents, issues and products thereof. Without enquiring whether in this respect the decree was broader than the prayer, we take up the question whether the products of the farm which the defendants are reported to have sold and disposed of were the subject-matter of the litigation within the meaning of the rule. The report shows that all of these—the hay, grain, potatoes and apples,—were raised on the place by the defendants during the season of 1912. So none of them were on the farm when the original suit was brought in the fall of 1911. The ''subject-matter'' of the suit was the Lavender Farm and the personal property then thereon. The rents, issues, and products were not involved except so far as they were then on the premises. To be sure, establishing the rights of the parties to the products then there would determine their rights in the future products. But the latter were not directly, but only incidentally involved, and in no fair sense can they be said to have been the subject-matter of that litigation. The orator's rights in the rents and products were incidental to his rights in the farm, and not other nor greater. We conclude, then, that the products of 1912 were not so related to the chancery suit as to afford the predicate of contempt proceedings in this Court.

Certain cows and heifers were sold from the farm by the defendants, and the petitioner brought an action of trover therefor. Certain farm implements are undisposed of and the ownership thereof is in dispute. A stipulation was made and filed to the effect that the ownership of this property should be determined in these proceedings. The hay was sold by arrangement between the parties, and the net avails thereof have been deposited, and we understand that the question of ownership of these funds is submitted to us.

The impropriety of this procedure must be apparent. With certain exceptions not here important this Court is a court of errors. We sit in review, only. We do not decide fictitious or suppositional questions. *State* v. *Webster,* 80 Vt. 391, 67 Atl. 1098. Our jurisdiction is conferred by law, and cannot be added to

by consent.   It must be invoked by some method known to the law.   *Indianapolis* v. *Hawkins*, (Ind.) 103 N. E. 10.   Lack of adequate means of enforcing our awards and pressure of judicial duties constrain us to decline to sit in arbitration of matters growing out of such marital controversies.

*Petition dismissed with costs.*