STATE *v.* JOSEPH TRUBA.

February Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed February 15, 1915.

*Illegal Sale of Intoxicating Liquors—Specifications—Sufficiency
—Discretion of Court—Materiality of Date Specified in
Information—Witnesses—Examination—Responsive Ques-
tions—Admonition—Cross-examination—Testimony Taken
at Inquest—When Disclosed—Argument of Counsel—In-
structions—Harmless Error.*

In a prosecution for the illegal sale of intoxicating liquor, the State's
specification, filed under P. S. 5233, and charging sales on several
different occasions during the previous summer to designated
persons, is sufficient, where the State's attorney stated that it
was as accurate as he was able to make.

In a prosecution for the illegal sale of intoxicating liquor, the suf-
ficiency of the specifications, filed by the State under P. S. 5233,
is within the discretion of the trial court.

In a prosecution for the illegal sale of intoxicating liquor, the court
properly refused to restrict the evidence to the dates specified in
the information.

In a prosecution for the illegal sale of intoxicating liquor, the answer
on cross-examination of one of the State's witnesses, who had
testified on direct that he usually went to respondent's place of
sale about four o'clock in the afternoon, that he did not know how
long he stayed there because he might have drunk so much that
he could not remember when he came away, was responsive to the
question as to the length of his stay.

It is within the discretion of the trial court whether it will grant
the request of a cross-examiner to caution the witness to confine
his answers to the questions asked.

Where a witness twice stated that he did not know where respondent
worked, the court properly excluded the cross-question whether
respondent worked at a place near where the witness had testified

he had bought liquor of him, as a sufficient basis of impeachment had already been laid.

In a prosecution for the illegal sale of intoxicating liquor, where all that the record shows as to the date of the trial is that it was at the September Term, and where the specifications charged sales on several different occasions during the previous summer to designated persons, error does not appear in the admission of testimony by one of the persons named in the specifications that he bought whiskey from respondent about five weeks before the trial.

Testimony taken at an inquest held under No. 223, Acts 1912, is taken for the use and benefit of the State and its officers, and no private person, though charged with a crime, is entitled to a transcript of such evidence, unless the court, in its discretion and upon sufficient cause shown, so directs.

Where the State's attorney merely declined to produce a transcript of the evidence taken at the inquest, unless the court ordered him to do so, and the court refused respondent's motion to require its production, and later in his argument to the jury the State's attorney said that the evidence was a secret and it was his sworn duty to refuse to reveal it except on order of the court, respondent is not entitled to the instruction that the State's attorney opposed the motion to produce the transcript, both because that would be a false instruction, and, if it were true, the jury would have no right to draw an adverse inference therefrom.

Though the specifications charged illegal sales only during the previous summer, an instruction allowing conviction for sales within the year was harmless, and besides error does not appear therein, where the record does not show that there was any evidence of sales not covered by the specifications and the court's attention was not called to the claimed discrepancy.

INFORMATION charging the illegal sale of intoxicating liquor. Plea, not guilty. Trial by jury at the September Term, 1914, Washington County, *Miles,* J., presiding. Verdict, guilty; and judgment thereon. The respondent excepted. The opinion states the case.

*Richard A. Hoar* for the respondent.

*J. Ward Carver,* State's Attorney, for the State.

POWERS, J.   At the September Term of Washington County Court, this respondent was convicted of illegal liquor selling. Before the trial began, at the respondent's request the State's attorney filed a specification therein charging sales ''on several occasions during the past summer'' to certain persons named. When evidence was offered by the State to establish the offences so specified, the respondent objected, and insisted that the specification was insufficient, and that the State should be restricted to some particular date. This objection was overruled and the respondent excepted. The record shows that this ruling was predicated upon the statement of the State's attorney that the specification was, in the particular referred to, as accurate as he was able to make it. The ruling was without error. By the terms of P. S. 5233, a specification in such cases is sufficient if it states the offences ''with such certainty as to time and person as the prosecutor is able.'' The specification in question meets this requirement, for the court, in effect, found the fact to be that it was as certain as the State's attorney could make it; and there is absolutely nothing in the record to controvert this fact. This is an end of the matter, for even before the statute was passed, the sufficiency of the specification was a matter of discretionary determination and not subject to review. *State* v. *Bacon,* 41 Vt. 526, 98 Am. Dec. 616; *State* v. *Davis,* 52 Vt. 376. And this is so now. *State* v. *Webster,* 80 Vt. 391, 67 Atl. 1098.

The respondent also excepted to the refusal of the court to restrict the evidence to the date specified in the information. The ruling was free from error. *State* v. *Whipple,* 57 Vt. 637; *State* v. *White,* 70 Vt. 225, 39 Atl. 1085.

Fred Bishop, one of the persons named in the specification, was a witness for the State, and testified that he bought liquor of the respondent at different times during the preceding summer, and that he usually went to the respondent's place of sale about four o'clock in the afternoon. During his cross-examination, he was asked how long he usually stayed there, and replied that he did not know. Counsel for the respondent then asked him why he did not know, and he replied, in substance, that he might have drank so much that he could not remember when he came away. Thereupon the respondent's counsel asked to have the answer stricken out, but the court refused and the respondent excepted. No ground was stated for the respondent's re-

quest, but we assume that it was based upon the claim that the answer was not responsive. But we think it was responsive. It was the witness' way of explaining why he could not answer the question asked him, and tell how long he remained at the respondent's place. The fact, if it be such, that the statement was susceptible of being understood to be merely supposititious does not affect the situation, for it was for the jury to say how it was to be understood.

Thereupon counsel for the respondent warned the witness to confine his answers to the questions asked, and requested the court to admonish the witness in this matter. This the court refused to do and the respondent excepted. It was within the discretion of the court to grant or refuse this request. Nothing appears in the record to indicate that the witness required any caution or deserved any rebuke.

This witness twice stated that he did not know where the respondent worked. He was asked in cross-examination if the respondent did not work at a certain place a half a mile or more from the place where the witness said he bought liquor of him. The court suggested that he had already answered, and if he did not know where the respondent worked he could not answer the pending question. Whereupon counsel for the respondent said that it was asked to prepare the way for an impeachment, and that the witness did in fact know. The ground for impeachment was, so far as appears, sufficiently laid, without any further inquiry, and there was no error in the action of the court in refusing to allow counsel to pursue the matter. The situation is not affected by the fact, subsequently developed, that the respondent did work at the place named, as it did not appear that the witness knew that fact.

Albert Boulrice, another of the persons named in the specification, was a witness for the State, and so far as the record shows testified merely that he had been at the respondent's place twelve times during the preceding summer. To this the respondent made the same objection as he had made to the testimony of Bishop. The witness further stated that the last time he was there was about five weeks before the day on which he testified. To this statement the respondent objected because it did not come within the time alleged in the specification or information. The exact date of the trial is not given. We only know that it was at the September Term. We may not

be able to say that "five weeks ago" would bring the occasion within "the past summer," but we certainly cannot say that it would not; so in support of the ruling we must assume that the time referred to was within the specification. In saying anything regarding this exception, we give the respondent a benefit to which he is not entitled, for the record wholly fails to show that this witness gave any evidence tending in any way to incriminate or prejudice the respondent.

George Elrick, still another of those named in the specification, was a witness for the State; but his testimony does not require separate consideration, since the points involved are like those hereinbefore treated.

It was made to appear at the trial that an inquest (No. 223, Acts of 1912), had been held to investigate the charges against the respondent, and that Elrick had testified therein; that his testimony was taken by a stenographer and had been transcribed, and that the State's attorney had the transcript there in court. The respondent asked the court to direct the attorney to produce this transcript for the respondent's use in impeaching Elrick, claiming that he testified differently at the inquest. This the court declined to do and the respondent excepted.

In accordance with the general policy of the law, the inquest provided for by the act referred to is a secret investigation. The results are for the use and benefit of the State and its officers, and no private individual, though charged with crime, is entitled to the transcript of the evidence taken, except so far as the court may, upon sufficient cause shown, direct. An application for leave to inspect such transcript is addressed to the discretion of the court. It is altogether like the minutes taken before the grand jury, which cannot be disclosed except by order of court. *Clark* v. *Field,* 12 Vt. 485, 12 Cyc. 517; *Howard* v. *Com.,* 118 Ky. 1, 80 S. W. 211, 81 S. W. 704; *People* v. *Diamond,* 72 App. Div. 281, 76 N. Y. Supp. 57, affirmed, 175 N. Y. 517, 67 N. E. 1087; *Canon* v. *People,* 141 Ill. 270, 30 N. E. 1027; *Havenor* v. *State,* 125 Wis. 444, 104 N. W. 116; *Porter* v. *State,* (Ind.) 91 N. E. 340; *Hofler* v. *State,* 16 Ark. 534; *Merrick* v. *State,* 63 Ind. 328; *Thrawley* v. *State,* 153 Ind. 375, 55 N. E. 95; *Jenkins* v. *State,* 35 Fla. 737, 18 South. 182, 48 Am. St. Rep. 267; *Franklin* v. *Com.,* 105 Ky. 237, 48 S. W. 986.

The respondent gained nothing by excepting to the court's refusal to rule this question as a matter of law. Being a matter of discretion, the court could not be put in error for declining to treat it as something else.

The State's attorney in his argument to the jury, made some reference to the character of the transcript of the evidence taken at the inquest to the effect that it was a secret, and was the property of the State, and that it was his sworn duty to refuse to allow it to go out of his possession except by order of court. No exception was taken to this, but at the close of the charge, the respondent asked the court, in view of this argument, to instruct the jury that it was at the request of the State's attorney that the court declined to order the transcript produced. This was refused and the respondent excepted. Treating this request as seasonable, it was properly refused. It was contrary to the fact. The record shows just what was done. The State's attorney merely declined to produce the transcript, unless the court ordered him to do so, and gave his reasons therefor. But he did not request the court to withhold its order. And it would have been wholly unimportant if he had. The jury would have had no right to draw an adverse inference therefrom.

Several exceptions were saved to the charge. The only one not covered by what has already been said is the one to the instruction that the jury might convict if they found sales "within the present year." It is true that this extended the range of inquiry somewhat beyond the limits of the specification, but that could have been amended so as to include all the time covered by the instruction, and the respondent was not harmed. It does not appear that there was any evidence of any sales not covered by the specification, and had the court's attention been called to the discrepancy between the specification and the charge, the matter would, of course, have been set right by a modification of one or the other.

*There is no error, and the respondent takes nothing. Let execution be done.*