IN RE SARAH C. REYNOLDS' ESTATE.

May Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed October 11, 1915.

*Probate Court—Sale of Realty—Payment of Debts—Matters Reviewable—Questions Submitted by Agreement.*

Where the personalty of a decedent's estate is insufficient to pay debts, and it is found that a sale of all the realty would not be required for their payment, but that a part of the realty could not be sold without injury to the remainder, a sale of all of the realty is authorized by P. S. 2868.

This Court will not consider suppositional questions, questions submitted by mere agreement, or questions prematurely raised, however convenient or expedient their decision may be.

APPEAL from an order of the probate court granting Abbie A. Morrill, appellee and executrix of the last will and testament of Sarah C. Reynolds, license to sell all the real estate belonging to the decedent's estate; Nancy M. Stevens, executrix of the last will and testament of Job Reynolds, appellant. Trial by court at the September Term, 1914, Franklin County, *Stanton, J.,* presiding. Judgment affirming the order of the probate court. Both parties excepted. The opinion states the case.

*C. G. Austin & Sons* for the appellant.

*H. Elmer Wheeler* and *Elmer Johnson* for the appellee.

POWERS, J. The case shown by the record is an appeal from an order of the probate court granting to the executrix of Sarah C. Reynolds' estate a license to sell all of the real estate belonging thereto. The case made in argument requires a construction of the will of Mrs. Reynolds, a determination of certain questions regarding the law of abatement of legacies, and some others.

It appears that Mrs. Reynolds died testate, leaving a farm on which she and her husband resided. This farm consisted of

several parcels, and different portions were subject to certain mortgages. Abbie A. Morrill is her surviving executrix. The personal property having been applied to the payment of the debts of the estate, and having proved to be insufficient for that purpose, the executrix made application to the probate court for license to sell the real estate for the purpose of raising money to liquidate the unpaid debts and expenses of administration,— therein representing that, while it would not be necessary to take all the real estate for this purpose, a part thereof could not be sold without injury to those interested in the remainder. The probate court found the facts according to these allegations, and granted the license as prayed for. No question is made as to the regularity of these proceedings. An appeal was taken, and the county court found the facts to be as represented in the application, and affirmed the order. The case comes here on exceptions filed by the executrix of Mrs. Reynolds, and by the executrix of the estate of Mr. Reynolds, who was a legatee under the will.

As already suggested the only question presented by the record is the legality of the order granting the license to sell all the real estate. The finding is that a part of this estate cannot be sold without injury to those interested in the remainder. The proceedings are in accordance with the statutory require-ments. In these circumstances, the order was fully warranted by P. S. 2868, and the record discloses no error.

The other questions were not involved and are not for con-sideration. The probate court well understood this, and pro-vided in the order that they should await the proper time for determination. And while the county court apparently yielded to the appeal of counsel and passed upon the questions, this Court will not review this action. *In re Segur's Will*, 71 Vt. 224, 44 Atl. 342. It is vain for counsel to approach this Court with suggestions of convenience or expediency; we do not decide suppositional questions, *State* v. *Webster*, 80 Vt. 391, 67 Atl. 1098, questions submitted by agreement, *Alfred* v. *Alfred*, 87 Vt. 542, 90 Atl. 580, or questions prematurely raised, *Turner's Exr.* v. *Lyman*, 64 Vt. 167, 24 Atl. 763.

*The judgment, so far as the license to sell is concerned, is affirmed. In other respects it is vacated and held for naught. Let the result be certified to the probate court.*