AGNES M. LINDSAY *v.* TOWN OF BRATTLEBORO ET AL.

February Term, 1923.

Present:   WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 4, 1923.

*Moot Case, Although Resulting from Stipulation, Will Not Be Considered by Supreme Court.*

In an action to enjoin the collection of alleged unlawful taxes, where the parties thereto entered into a stipulation that the defendants should demur to the bill; that the demurrer should be overruled, the bill be taken as confessed, and decree passed for the plaintiff, making the temporary injunction permanent; and that the de-

fendants should appeal to the Supreme Court and no other proceedings be had, the plaintiff agreeing to pay the defendants severally one-half the amount of the taxes so assessed by them, and, in case of a decision against the plaintiff, the several defendants agreeing to rebate the remainder of the taxes, *held* that only a moot case, presenting merely a colorable dispute, resulted, which the Supreme Court would not consider.

APPEAL IN CHANCERY. Bill to enjoin the collection of certain tax assessments. Demurrer of defendants to plaintiff's bills overruled *pro forma*, bill adjudged sufficient and taken as confessed, and decree rendered for the plaintiff, in vacation, after the September Term, 1922, Windham County, *Chase*, Chancellor, presiding. The defendant appealed. The disposition of the case below and the appeal were in accordance with a stipulation of the parties, which adjusted the taxes set forth in the bill on the basis of an equal division. The opinion states the facts. *Appeal dismissed and cause remanded.*

*Arthur P. Carpénter, Ernest W. Gibson,* and *Anthony F. Schwenk,* for the defendants.

*Harvey, Maurice & Fitts* for the plaintiff.

WATSON, C. J. The plaintiff, a resident of the state of New Hampshire, brings this bill in chancery, praying for an injunction, restraining the collection of alleged unlawful taxes assessed by the defendant municipalities upon five hundred shares, owned by her, of the Peoples National Bank, an association organized under the National Banking Act and located at Brattleboro. A temporary injunction was granted. The case was heard on demurrer to the bill. The demurrer was overruled *pro forma*, bill adjudged sufficient and taken as confessed, decree rendered for the plaintiff that the taxes set forth in the bill are illegal and void, and that the temporary injunction be made permanent, with costs to the plaintiff. On defendants' appeal the case is brought to this Court.

It is claimed by the plaintiff that, on the allegations of the bill, the taxes assessed on her said shares, by the several defendant municipalities, are in violation of the provisions of section

5219 of the Revised Statutes of the United States (U. S. Comp. St. § 9784)—which section was materially amended on March 4, 1923—in that the taxation was at a greater rate than was assessed upon other moneyed capital in the hands of individual citizens of this State; and consequently the decree should be affirmed, including the permanent injunction.

Yet, by reason of a stipulation, signed by all the parties to the suit, and filed of record, in force when the decree below was rendered, the decree is in fact not to be given effect or acted upon by the parties as an adjudication of the subject-matters ostensibly involved; for it is agreed, among other things, that in consideration of paragraph 1,—which provides that defendants will demur to the bill, that the decree shall be for plaintiff, overruling the demurrer, that the bill shall be taken as confessed, and decree passed for plaintiff, making the temporary injunction permanent, that by appeal defendants shall take the case to this Court, where the decision shall be final, and no other proceedings had in the cause,—the plaintiff agrees to pay to the defendants, severally, one-half the amount of the taxes so assessed by them, and in case the decision is against the plaintiff, the several defendants agree to abate to her the remaining fractional part thereof. So it is that whatever may be the decision of this Court as to affirmance or disaffirmance of the decree passed below, the parties, prior to such decree, stipulated an adjustment of the taxes set forth in the bill, on the basis of equal division; and it is to effect a formal termination of all such taxes in case of the latter contingency, that the one-half in excess of the part paid are to be abated in carrying out the adjustment.

Thus it is seen that when the stipulation was entered into, the real and substantial controversy between the parties as to their rights touching the taxes mentioned, ceased to exist, and there was no longer any subject-matter on which the judgment of this Court could, or was expected, to operate. And by reason of this, only a moot case is before the Court, in which merely a colorable dispute is presented. In *California* v. *San Pablo & T. R. R. Co.,* 149 U. S. 309, 37 L. ed. 747, 13 Sup. Ct. 878, the Supreme Court of the United States, speaking through Mr. Justice Gray, said: "The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property, which are actually controverted in the particular case be-

·fore it.   When, in determining such rights, it becomes necessary to give an opinion upon a question of law, that opinion may have weight as a precedent for future decisions.   But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it.   No stipulation of parties or counsel, whether in the case before the court or in any other case, can enlarge the power, or affect the duty, of the court in this regard.''   The same doctrine has been applied by this Court in several cases, the last of which is *In re Reynold's Estate,* 89 Vt. 224, 95 Atl. 498, citing previous instances.   It is there said that when the court below has passed upon such a question, this Court will not consider it in review; nor will this Court pass upon suppositional questions by reason of suggestions of convenience or expediency, even though submitted by agreement; nor when the question is prematurely raised.

*Appeal dismissed and cause remanded without costs to either party in this Court.*