## IN RE JOHN B. JAMES.

Special Term at Rutland, November, 1924.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 6, 1925.

*Carriers—Jurisdiction of Public Service Commission of Time Schedules of Bus Lines—Moot Question—Granting Petition to Operate Bus Line Equivalent to Favorable Finding Respecting Petitioner's Manner of Operation—Weight of Conflicting Testimony for Trier—Purpose of Indemnity Required of Bus Operators.*

1. In hearing before Public Service Commission on petition seeking permission to operate motor bus line, where Commission, although ruling that it had no jurisdiction of "time schedules," assumed jurisdiction of such matter so far as material to safety and protection of operator's passengers and public, which was the question involved in hearing, its action was as favorable to those opposing petition as they were entitled to.

2. In such proceeding, such ruling, in so far as it may be regarded as holding that Commission had no jurisdiction over matters

of time schedules in general, was entirely outside any issue presented and, therefore, in effect a decision of a moot question, which will not be reviewed.

3. In such proceeding, where Commission after full hearing made no express finding on question of whether petitioner operated his busses in such manner as to afford safety and protection to his passengers and the public, but made an order granting permission asked for, such order implies finding on that issue favorable to petitioner.

4. That evidence tends strongly to establish a disputed fact is not sufficient to overturn a finding, when there is evidence fairly tending to show the contrary.

5. Common carriers competing with operator of motor bus line have no such interest in amount or character of indemnity required of petitioner under Acts, 1923, No. 91, § 5, as entitles them to challenge sufficiency thereof, such indemnity being for benefit of bus operator's passengers for injuries to their persons or property caused by unlawful action or neglect of operator, and is not for benefit of, nor does it in any way affect right or liability of, another common carrier, competing with bus owner in transportation of persons for hire.

APPEAL from the decision of Public Service Commission, Bennington County, granting petition of John B. James asking permission to operate certain motor bus line. Petition was opposed by certain competing common carriers, who appealed from Commission's decision. The opinion states the case. *Appeal dismissed.*

*James K. Batchelder* for the petitioner.

*Robert E. Healy* for the petitionees.

SLACK, J. This is a petition to the Public Service Commission, in effect, seeking permission to operate certain motor busses over the public highway between the villages of Bennington and North Bennington. The petition is opposed by the Berkshire Street Railway and the Vermont Company, corporations operating an electric street railroad in close proximity to the route over which petitioner desires to operate his busses. The case has been here before and is reported in the 97 Vt. 362, 123 Atl. 385, where

the substance of the petition, and the questions then presented for review appear. After the case was remanded, a hearing was had on the merits which resulted in an order granting the permission prayed for from which the petitionees appealed.

The questions briefed are raised by exceptions saved by the petitionees to the holding of the Commission that it had no jurisdiction in the matter of time schedules, to the failure of the Commission to find whether the petitioner's method of operating his busses was dangerous, and to its finding that the indemnity furnished by petitioner is such as the statute requires.

The record shows that the main question at issue before the Commissioner was whether the petitioner operated his busses in such manner as to afford safety and protection to his passengers and to the public, and no question concerning the running time or schedule upon which such busses were operated beyond the effect such operation had on the safety and protection of petitioner's passengers and the public was involved. As bearing upon this question, the petitionees were permitted to, and did, go into a full showing as to how the petitioner operated and ran his busses with reference to the running time of their cars, the use he made of their track, when and where he stopped and started his busses, etc.

[1] During the progress of the hearing, it was suggested by petitionees' counsel "that it would serve a public benefit" if the Commission would rule on the subject of whether it had any power of supervision "outside the matter of safety and protection to passengers and the public." whereupon the Commission held that it had no jurisdiction of the matter of "time schedules," to which petitionees saved an exception.

But, notwithstanding this ruling, it appears that the Commission assumed jurisdiction of the matter of petitioner's schedules so far as the same was material to the question involved, namely, the safety and protection of his passengers and the public and to that extent gave the petitionees the full benefit thereof. This was all they were entitled to.

[2] So far as the ruling goes beyond the question involved, that is, so far as it may be regarded as a holding that the Commission had no jurisdiction over the matter of schedules in general, it was entirely outside any issue presented and, therefore, in effect, a decision of a moot question, and consequently will not be noticed. As is said in *California* v. *San Pablo & T. R. R. Co.*,

149 U. S. 309, 37 L. ed. 747, 13 Sup. Ct. 878: "The duty of this court, as of every judicial tribunal, is limited to determining rights of persons or of property, which are actually controverted in the particular case before it. * * * But the court is not empowered to decide moot questions or abstract propositions, or to declare, for the government of future cases, principles or rules of law which cannot affect the result as to the thing in issue in the case before it." To the same effect are *Lindsay* v. *Town of Brattleboro et al.*, 96 Vt. 503, 120 Atl. 888; *In re Reynold's Estate*, 89 Vt. 224, 95 Atl. 498; *In re Segur's Will*, 71 Vt. 224, 44 Atl. 342; *State* v. *Webster*, 80 Vt. 391, 67 Atl. 1098.

·[3, 4] While the Commission made no express finding either way on the question of whether the petitioner operated his busses in such manner as to afford safety and protection to his passengers and to the public, it made an order, after full hearing, granting the permission asked for, which implies a finding on that issue favorable to the petitioner. But treating the case as though an express finding to that effect had been made and the petitionees had saved an exception thereto, which is giving the petitionees the benefit of all possible rights they could have, they cannot prevail, since the record shows sufficient evidence to support such a finding. Nor, indeed, is this denied by the petitionees. They say in their brief: "The evidence tended strongly to show that the practice mentioned was fraught with danger." But, that evidence tends strongly to establish a disputed fact is not sufficient to overturn a finding when, as here, there is evidence fairly tending to show the contrary.

[5] Concerning the remaining exception it is enough to say that it is not apparent how the petitionees have such an interest in the question of the amount or character of indemnity required of the petitioner as entitles them to challenge the sufficiency thereof. The indemnity that may be required under the statute (Laws, 1923, No. 91, § 5), and none other is required, is for the benefit of the bus operator's passengers "for injuries to the person or property of such passengers caused by the unlawful action or neglect" of such operator. Such indemnity is not for the benefit of, nor does it in any way affect the right or liability of, another common carrier which, as here, is merely competing with the bus owner in the transportation

of persons for hire; therefore, the action of the Commission respecting the matter of indemnity required of the petitioner will not be inquired into at the instance of the petitionees.

*Appeal dismissed. To be certified to the Public Service Commission.*